[S. F. No. 22285. In Bank. May 25, 1966.]

GEORGE A. WEINKAUF, Petitioner, v. THE SUPERIOR COURT OF TUOLUMNE COUNTY, Respondent; BEVERLY SUSAN GRIFFIN et al., Real Parties in Interest.

Edward Napier Thompson for Petitioner.

No appearance for Respondent.

Hollander, Lipian, Horwitz & Kornfield and Irving J. Kornfield for Real Parties in Interest.

TOBRINER, J.—Petitioner seeks a writ of prohibition to restrain the Superior Court of Tuolumne County from enforcing an order directing him to reimburse the real parties in interest in the amount of $500 for attorney's fees and expenses incurred in pursuit of discovery proceedings against petitioner's client. Since section 2034, subdivision (d), of the Code of Civil Procedure authorizes such an order, and since we find no abuse of the trial court's discretion in rendering it, petitioner's sought writ should not issue.

The present controversy arose out of a personal injury damage action in which petitioner served as attorney for the defendant. Plaintiffs and their attorneys, the real parties in interest in the present case, filed and served interrogatories upon defendant and his attorney. Plaintiffs received no reply to these interrogatories or to the letters which they directed to petitioner for a period of nearly five months. Plaintiffs then moved under Code of Civil Procedure, section 2034, subdivision (d), for orders striking defendant's answer, entering judgment by default and directing defendant or his at-

torney to reimburse them for their "reasonable expenses in making this Motion and reasonable attorney's fees for same." After a duly noticed hearing on the motion the trial court declined to strike the answer or enter a default but did require defendant to answer the interrogatories. The court likewise ordered petitioner to pay $500 "as attorney's fees and expenses." Petitioner claims that the trial court lacked the authority to issue this order.

Subdivision (d) of the Code of Civil Procedure section 2034 provides in part: "[I]f a party or an officer or managing agent of a party willfully fails to serve answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party or impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees."

Despite the mandate of the statute, petitioner contends that the trial court lacked jurisdiction to enter the order against him. In reaching this result he appears to rely on the three points which we discuss seriatim.

First: Petitioner claims that he was not a party to the underlying action and therefore the trial court lacked jurisdiction to issue the order against him. Since the statute confers discretion upon the trial court to tax costs against either the defaulting party or his attorney, petitioner's contention cannot possibly stand.

Second: Petitioner relies upon the fact that the trial court prefaced its order with the statement that "[T]here has been a willful failure on the part of the *defendant* to serve proper answers. . . ." (Italics added.) From this premise petitioner argues that the trial court did not find him personally responsible and that therefore the order falls.

Neither the statute nor the record supports petitioner's conclusion. In the first place, the statute *requires* the quoted finding as a prerequisite to taxing the party *or* the attorney. The statute grants discretion to the trial court to tax costs against "a party or his attorney" if a "party . . . willfully fails to serve answers." Thus the trial court's finding of a willful failure "on the part of the *defendant*" (italics added) responded to the language of the statute.

Indeed, section 2034, subdivision (d), confers a broad

discretion upon the trial court to tax costs against either a defaulting party or his attorney. If the evidence clearly shows the attorney to be blameless, an appellate court might rule that the trial court abused its discretion in taxing the costs against the attorney. The burden of establishing any such abuse of the trial court's discretion would obviously fall upon the petitioner. (*Meyer* v. *State Board of Equalization* (1954) 42 Cal.2d 376, 387 [267 P.2d 257].) ▮ In the present case petitioner makes no such showing; the evidence, in any event, precludes it.

In fact, if anything, the record here suggests that the court believed that defendant's failure to reply to the interrogatories entirely stemmed from the fault of petitioner; thus the court declined to default defendant and gave him an additional five weeks to answer. ▮ In addition, the real parties in interest allege that at the time the trial judge entered the order he stated that he was unwilling to punish the defendant for the failings of counsel. Petitioner nowhere denies the truth of this allegation. In this respect we believe that it would have been preferable for the trial court to have made a finding that the attorney, rather than the party, had failed to serve the answers.

Third : Petitioner relies on *Lund* v. *Superior Court* (1964) 61 Cal.2d 698 [39 Cal.Rptr. 891, 394 P.2d 707], for the proposition that the trial court lacked jurisdiction to tax costs against petitioner because petitioner had never been subject to a court order which he thereafter disobeyed. ▮ *Lund,* however, holds that no penalty may be assessed against a *nonparty witness* until he has disobeyed an order to which he was subjected. That case does not purport to alter the provisions of subdivision (d) which pertain only to parties and their attorneys. In *Lund* we specifically pointed out that subdivision (d) expresses an exception to the requirement of precedent motion and order because a party is already before the court. (*Id.* at p. 712, fn. 7.) Although an attorney is not technically a party, he too is already before the court; as we have seen, the statute provides that sanctions may also be imposed against him without a precedent motion and order.

Petitioner's attempted reading would repeal that portion of Code of Civil Procedure section 2034. subdivision (d), which empowers trial courts to tax costs for compelling discovery against an attorney whose conduct has necessitated resort to that statute. To accomplish the expedition requisite to successful discovery proceedings sanctions may sometimes be necessary; it is not our province to nullify them.

The order to show cause is discharged and the writ prayed for is denied.

Traynor, C. J., McComb, J., Peters, J., Peek, J., Mosk, J., and Burke, J., concurred.