[Civ. No. 30901. Second.Dist., Div. One. Nov. 3, 1966.]

JOSEPH W. FAIRFIELD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SAM MESLER et al., Real Parties in Interest.

114

Joseph W. Fairfield, in pro. per., and Ethelyn F. Black for Petitioner.

No appearance for Respondent.

Pick & Miller and David Pick for Real Parties in Interest.

McCOY, J. pro tem.*—Petitioner seeks a writ of mandate requiring the Superior Court for Los Angeles County to vacate that part of its order of July 22, 1966, which imposes sanctions against him. It appearing to us that the order was corrected *nunc pro tunc* by an order of the trial court on August 11, 1966, we issued an alternative writ requiring the trial court to vacate or modify its order as corrected insofar as it imposed sanctions against petitioner, or to show cause why it had not done so.

At all times material here petitioner was attorney of record in the trial court for the defendants in action number 852667, in which Sam Mesler was the plaintiff and Maurice and Judith Kandel were the defendants. In December 1965 the plaintiff in that action served a set of interrogatories on the defendants pursuant to section 2030, Code of Civil Procedure. In January 1966 the trial court denied defendants' motion for a protective order and ordered them to file their answers to the interrogatories within 15 days. On January 27 defendants filed their objections to each of plaintiff's interrogatories as provided by section 2030. These objections were overruled on February 28, at which time, on plaintiff's motion, both defendants were ordered to file their answers within 20 days.

The trouble here started when answers to the interrogatories were filed by Maurice Kandel only. Believing that ''said answers are not reasonably adequate responses to the interrogatories and are in fact sham,'' plaintiff noticed a motion

---

*Assigned by the Chairman of the Judicial Council.

for an order requiring further answers from Maurice Kandel to certain interrogatories and an order requiring him to pay plaintiff "reasonable expenses and attorney fees in obtaining such order," and for an order holding Judith Kandel in contempt and for sanctions against her. On granting this motion on April 20, 1966, the trial court filed a memorandum concluding with the following order: "It is time defendants and their counsel faced up to the necessity of making full and adequate answers to these interrogatories. Objections first by way of a request for a protective order and then by way of objections in lieu of answers have been twice overruled. The motion for order compelling further answers is granted in its entirety. Answers to be filed not later than June 15th. Sanctions of $100.00 as to each defendant for unnecessary legal work required of plaintiff are ordered at this time without prejudice to a motion for further sanctions should defendants again fail to properly answer the interrogatories."

On June 15, 1966, the Kandels, through petitioner as their attorney, petitioned this court for a writ of mandate (2d Civ. No. 30711) requiring the trial court to vacate its orders of February 28 and April 20. This petition was denied without opinion on June 16. Plaintiff thereupon noticed a motion to be heard on July 11 for an order imposing additional sanctions on both defendants and upon petitioner here as their attorney, and holding them in contempt for failure to comply with the order of April 20. This motion was made on the ground that defendants "have wilfully failed to serve answers to the interrogatories as required in the order of April 20, 1966, and that defendants' attorney, Joseph W. Fairfield, is responsible in whole or in part for such failure to obey said court order." In making this motion plaintiff relied on section 2034, subdivision (b)(2)(iv), Code of Civil Procedure, and the recent case of *Weinkauf* v. *Superior Court*, 64 Cal.2d 662 [51 Cal.Rptr. 100, 414 P.2d 36]. In his declaration in support of the motion counsel for plaintiff advised the court of the denial of defendants' petition for a writ of mandate by this court on June 16, and alleged that as of June 27 defendants had not yet complied with the order of April 20.

In due course petitioner filed his declaration in opposition to plaintiff's motion, dated July 1. He there alleged, among other things, that on June 27 defendants filed their petition with the Supreme Court for a hearing pursuant to rule 28(b), California Rules of Court. He also challenged the statement of plaintiff's attorney that as attorney for defendants he was

responsible in whole or in part for his clients' failure to obey the order of April 20. On July 11 the trial court continued plaintiff's motion to July 18 to await the ruling of the Supreme Court. The record in 2d Civ. 30711 shows that the petition for hearing was denied by the Supreme Court on July 13.

Plaintiff's motion was argued and submitted on July 18. On July 22 the trial court entered the following minute order: "Motion granted; defendants not having filed answers as ordered notwithstanding that relief was denied them by both the District Court of Appeal and the Supreme Court and not having paid sanctions heretofore assessed, additional sanctions of $200.00 are assessed against defendants *and* their counsel. Motion to hold defendants in contempt is denied without prejudice to renewal if sanctions are not paid and answers filed within 10 days of notice of this ruling." (Italics by the trial court.) A motion by petitioner for reconsideration and modification of this order was denied on August 4.

The petition before us for a review of the order of July 22 was served and filed August 9. The first point raised by petitioner in his attack on the order is that the court made no finding that the failure to submit answers to the interrogatories by June 15 as required in the order of April 20 "was wilfully done." This omission was cured by the trial court on August 11 when it entered the following minute order: "The motion of plaintiff for imposition of sanctions having been expressly based on the ground that the failure to file answers was wilfull on the part of defendants and was counselled by their attorney and the court in granting said motion so found and advised the clerk of his findings; and through clerical error the clerk failed to include in the minute order of July 22, 1966, such finding by the court; Now, therefore, the minute order of July 22, 1966, is corrected *nunc pro tunc* as of said date to read as follows: 'Motion granted. Defendants upon counsel of their attorneys having wilfully not filed answers as ordered, notwithstanding that relief was denied them by both the District Court of Appeal and the Supreme Court, and not having paid sanctions heretofore assessed, additional sanctions of $200.00 are assessed against defendants and their counsel.' "

We are thus left with the question whether the trial court abused its discretion in making the order of July 22 as corrected *nunc pro tunc* by the order of August 11 insofar as

it sought to impose sanctions against petitioner as the attorney for defendants.

The power of the trial court to impose sanctions for the failure of a party to make discovery and to protect against the abuse of discovery procedures is governed by several provisions of the Code of Civil Procedure. (See *Rosen* v. *Superior Court,* 244 Cal.App.2d 586 [53 Cal.Rptr. 347].) A review of those provisions which are applicable to the case before us will be helpful.

 Section 2030, Code of Civil Procedure as enacted in 1957 added a new device for pretrial discovery not previously existing in California. Briefly, that section provides that a party may, without previous court order, require a party to answer in writing and under oath written interrogatories calling for information, not privileged, which is relevant to the subject matter of the action. To insure compliance with this section, the Legislature provided that if a party ''willfully fails to serve and file answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees.'' (Code Civ. Proc., § 2034, subd. (d).) By the terms of this section, the imposition of such drastic sanctions requires an express finding that there has been a wilful failure of the party or his attorney to serve the required answers. (*Weinkauf* v. *Superior Court,* 64 Cal.2d 662 [51 Cal.Rptr. 100, 414 P.2d 36].)

Recognizing that a party may serve his answers to some of the interrogatories and refuse by way of objection to answer others, as permitted by section 2030, the Legislature also provided appropriate relief in such a case. Thus, it is provided in subdivision (a) of section 2034 that ''Upon the refusal of a party to answer any interrogatory submitted under Section 2030 of this code, the proponent of the question may,'' on noticed motion apply to the court for ''an order compelling an answer'' to the particular interrogatory. In such cases, ''If the motion is granted and if the court finds that the refusal was without substantial justification the court may require the refusing party or deponent and the party or attorney advising

the refusal or either of them to pay to the examining party the amount of reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. If the motion is denied and if the court finds that the motion was made without substantial justification, the court may require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney's fees.''

Under subdivision (b)(2) of section 2034, if a party ''refuses to obey an order made under subdivision (a) of this section, . . . the court may make such orders in regard to the refusal as are just,'' including those spelled out in that subdivision. Among others, the court may make ''(iv) An order requiring the disobedient party or the attorney advising such disobedience to pay the party obtaining an order under this section the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees.''

In 1961 section 2030 was amended to provide in part that the ''answers shall respond to the written interrogatories; or, if any interrogatory be deemed objectionable, the objections thereto may be stated by the party addressed in lieu of response. If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response.'' Section 2030 does not contain any provision for the imposition of sanctions. The purpose of such a motion is to obtain a judicial determination of the validity of the objections and an order requiring an answer to the interrogatory if the objection is overruled. (*Coy* v. *Superior Court,* 58 Cal.2d 210, 220 [23 Cal.Rptr. 393, 373 P.2d 457].) Since this section does not provide for the imposition of sanctions against the objecting party, it cannot be said that the making of an objection is the equivalent of a refusal to answer an interrogatory, however unsubstantial the objection may appear to the court. (Cf. Code Civ. Proc., § 2034, subd. (a).) This is not to say, however, that the court is without power to impose appropriate sanctions for failure to obey an order overruling the objections and requiring further responses to the interrogatories.

''One of the principal purposes of the Discovery Act (Code Civ. Proc., §§ 2016-2035) is to enable a party to obtain evidence in the control of his adversary in order to further the efficient, economical disposition of cases according to right and justice *on the merits.* . . . The statute is to be liberally inter-

preted so that it may accomplish its purpose. ■ The trial court has a wide discretion in granting discovery and by the provisions of section 2034 of the Code of Civil Procedure it is granted broad discretionary powers to enforce its orders but its powers are not unlimited. . . . The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of discovery but to impose punishment. [Citations.]'' *(Caryl Richards, Inc*. v. *Superior Court,* 188 Cal.App.2d 300, 303-304 [10 Cal.Rptr. 377].)

■ The order of April 20, 1966, requiring defendants to make further responses to certain interrogatories was made pursuant to section 2030, Code of Civil Procedure, as amended in 1961. The question here relates to the power of the court to impose sanctions because of defendants' refusal to obey that order. Section 2030 does not provide for the imposition of sanctions in such a case, nor is any such power expressly conferred on the court by subdivision (b) (2) of section 2034. To hold, however, that for want of such express power the court is without any power to enforce its order by the imposition of appropriate sanctions would ignore the plain intent of the Legislature. Every court has power ''To compel obedience to its judgments, orders and process'' in an action or proceeding pending before it, and to use all necessary means to carry its jurisdiction into effect, even if those means are not specifically pointed out in the code. (Code Civ. Proc., §§ 128, 187; *Oil Workers Intl. Union* v. *Superior Court,* 103 Cal.App. 2d 512, 569 [230 P.2d 71].)

■ A proper interpretation of the Discovery Act requires us to hold that when a party refuses to obey an order made under section 2030 requiring him to make further responses to certain interrogatories, the trial court, in its discretion, may impose appropriate sanctions of the nature provided in subdivision (b) (2) of section 2034, Code of Civil Procedure. This power is not unlimited. Under that section the only power of the court is to ''make such orders in regard to the refusal as are just.'' *(Caryl Richards, Inc*. v. *Superior Court,* 188 Cal.App.2d 300, 303-304 [10 Cal.Rptr. 377].)

■ Applying these rules to the case at bench, we hold that the order of July 22, 1966, as corrected by the order of August 11, insofar as it purports to assess ''additional sanc-

tions" against petitioner as counsel for defendants, constituted an abuse of the court's discretion.

On April 20, 1966, the court ordered defendants to file their further answers to plaintiff's interrogatories on or before June 15, and ordered "sanctions of $100.00 as to each defendant for unnecessary legal work required of plaintiff . . . without prejudice to a motion for further sanctions should defendants again fail to properly answer the interrogatories." The order of July 22 reads: "Motion granted. Defendants not having filed answers as ordered notwithstanding that relief was denied them by both the District Court of Appeal and the Supreme Court, and not having paid sanctions heretofore assessed, additional sanctions of $200.00 are assessed against defendants *and* their counsel." (Italics by trial court.) It is apparent from the record that when this order was made defendants had not "refused" to obey the order of April 20 within the meaning of subdivision (b)(1) of section 2034, Code of Civil Procedure. Instead, acting upon the advice of their counsel, they filed a timely petition with this court in 2d Civil No. 30711 for a writ of mandate requiring the trial court to vacate its order of April 20. When that petition was denied, they filed a timely petition for a hearing in the Supreme Court. In seeking such relief they were simply exercising a right given to them by law. ▆▆ Mandamus was a proper method of obtaining relief from that order (*Carlson* v. *Superior Court*, 56 Cal.2d 431, 435-436 [15 Cal.Rptr. 132, 364 P.2d 308]), just as prohibition is an equally appropriate remedy "to circumvent the imposition of sanctions applied in excess of the respondent court's jurisdiction." (*Lund* v. *Superior Court*, 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707].) ▆▆ Defendants' petition for hearing was denied July 13. In these circumstances the imposition of additional sanctions against defendants and their attorney without again fixing the time in which they should comply with the order of April 20 was "designed not to accomplish the objects of the Discovery Act but to impose punishment" in the absence of a showing that he was acting in bad faith in seeking a review of that order. No such showing was made here.

▆▆ On August 11, 1966, the trial court corrected its order of July 22 to include a finding that the failure of defendants to comply with the order of April 20 "was wilfull and was counselled by their attorney." In our opinion this finding is not warranted by the record. In its return to the writ, the respondent says that no answers to the interroga-

122

tories were filed between June 7 and July 22 "and the failure to so file was wilful on the part of petitioner and his clients." By way of further explanation respondent says that "petitioner had ample time and opportunity to prepare said answers to interrogatories between June 7, 1966, and July 22, 1966, and that the petitioner had the duty to have said answers prepared and ready for filing should the Supreme Court deny a hearing in the action brought to test the validity of the order." This position is not tenable. Having petitioned the appellate courts for relief from the order of April 20, petitioner was under no obligation to prepare his clients' answers to the interrogatories and have them ready for filing, anticipating that relief would be denied. Assuming, as we must, that he was acting in good faith in seeking that relief, it was reasonable for him to believe that if that relief was denied, the trial court would fix a reasonable time thereafter in which such answers should be filed.

The respondent court further alleges in its return to the writ that it did not impose sanctions on petitioner until after the Supreme Court denied the petition for a hearing with respect to the validity of the order of April 20, and "until a reasonable opportunity was afforded to comply with the court's order." The record shows that the petition for a hearing was denied by the Supreme Court on July 13. We may assume that petitioner was not aware of that ruling at least until the following day. Until then defendants had no legal duty to comply with the order of April 20. Plaintiff's motion for the imposition of additional sanctions was heard and submitted on July 18. In these circumstances we cannot agree with the implied finding of the trial court that the five-day interval between July 13 and July 18, which included a weekend, was a reasonable time within which to prepare, serve and file defendants' answers to the disputed interrogatories. In the proper exercise of its discretion the trial court should have denied the motion and fixed the time within which compliance with the order of April 20 would be required.

The alternative writ is discharged. Let a peremptory writ of mandate issue requiring the Superior Court for Los Angeles County to vacate that part of its order of July 22, 1966, as corrected *nunc pro tunc* by its order of August 11, 1966, insofar as it imposes sanctions against petitioner as attorney for Maurice Kandel and Judith Kandel.

Wood, P. J., and Lillie, J., concurred.