[Civ. No. 48847. First Dist., Div. Three. Mar. 13, 1980.]

HOWARD E. BLUMENTHAL, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
JACK COREY et al., Real Parties in Interest.

**COUNSEL**

Arthur J. Crowley for Petitioner.

No appearance for Respondent.

Stimmel & Stimmel and Avi Winokur for Real Parties in Interest.

**OPINION**

**WHITE, P. J.**—This petition presents the question of whether discovery sanctions under Code of Civil Procedure section 2034, subdivision (d) may be ordered against an attorney where the moving papers seek sanctions only against his clients. We have concluded that the $1,000 award against petitioner must be annulled because petitioner was not given notice and a reasonable opportunity to defend against the sanction.

On August 28, 1979, after petitioner's client failed to appear for a deposition scheduled for the previous day, real parties in interest, the plaintiffs below, noticed a motion for sanctions. Their notice stated an intention to move the court for an order striking the answers of the defendants and/or rendering a judgment by default against the defendants and/or ordering the defendants to compensate plaintiffs in the sum of $2,500 for attorney's fees and expenses. No mention was made of sanctions against counsel.

Hearing on the motion was removed from calendar when the parties arranged a settlement of the lawsuit, but default in payments by the defendants resulted in renewal of the motion. Neither real parties' letter of November 29, 1979, nor their supplemental memorandum in support of the motion for sanctions, mentioned an intention to seek an award against counsel. In fact, the November 29, 1979, letter closed with the

statements: "Mr. Blumenthal, *your clients* appear to have a very cynical contempt for the legal process. It is my sincere hope that we can disabuse *them* of that notion." (Italics added.)

Defendants did not appear for the December 4, 1979, hearing on the motion, and petitioner did not represent them at the hearing. The court ordered default entered against the defendants and ordered petitioner to pay $1,000 in sanctions to plaintiffs and their counsel, "forthwith." After having been served with an order to show cause re contempt for failing to pay the $1,000, petitioner filed this petition to annul the sanction. We stayed the contempt proceedings.

The trial court justified monetary sanctions against petitioner by the fact that failure of counsel to appear for argument or file "papers with substantive arguments in opposition to Plaintiffs' request for sanctions and cancelling the deposition...the day before it was scheduled [forced] Plaintiff to expend much time in preparation of the filed papers herein in addition to the time expended in preparation for deposition...." The sanction order cited the authority of *Rosen* v. *Superior Court* (1966) 244 Cal.App.2d 586 [53 Cal.Rptr. 347], *Weinkauf* v. *Superior Court* (1966) 64 Cal.2d 662 [51 Cal.Rptr. 100, 414 P.2d 36], and Code of Civil Procedure section 2034, subdivision (d). Real parties' opposition to this petition has presented no stronger authority.

Code of Civil Procedure section 2034, subdivision (d) provides, in pertinent part: "If a party...willfully fails to appear before the officer who is to take his deposition, after said party or his attorney has been served with a proper notice...the court *on motion and notice* may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just, *and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees.*" (Italics added.)

*Weinkauf* v. *Superior Court, supra,* 64 Cal.2d 662, approved a trial court award of $500 sanctions against an attorney for his client's failure to answer interrogatories, where the failure was attributable primarily to counsel. The *Weinkauf* court rejected a contention that the trial court lacked jurisdiction over the attorney because he was not a party to the underlying action, finding that "the statute confers discretion

upon the trial court to tax costs against either the defaulting party or his attorney." (64 Cal.2d at p. 664.) The court did opine, however, that "[i]f the evidence clearly shows the attorney to be blameless, an appellate court might rule that the trial court abused its discretion in taxing the costs against the attorney. The burden of establishing any such abuse of the trial court's discretion would obviously fall upon the petitioner." (*Id.* at p. 665.)

The *Weinkauf* opinion clearly contemplates an evidentiary hearing in the trial court on the question of whether the attorney is deserving of blame in connection with his client's failure to comply with discovery. In both *Weinkauf* and *Rosen, supra,* a decision following the reasoning of *Weinkauf,* the moving papers sought sanctions against both client and attorney. Thus, counsel were clearly placed on notice of the possible sanctions against them and of the need to prove blamelessness.

■ Here, in contrast to the cases cited by the trial court, counsel had no reason to suspect sanctions would be awarded against him individually. The most basic principles of due process preclude the taking of his property without notice of an intention to do so. (See *Lambert* v. *California* (1958) 355 U.S. 225, 228 [2 L.Ed.2d 228, 231, 78 S.Ct. 240]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 291, p. 3581.) Because these rights have been violated, we must annul the award of sanctions. We are not persuaded by real parties' arguments that we should deny relief because of petitioner's allegedly unclean hands or because of laches. Though it is within our discretion to deny a petition on such equitable grounds (see *San Diego County Dept. of Pub. Welfare* v. *Superior Court* (1972) 7 Cal.3d 1, 9 [101 Cal.Rptr. 541, 496 P.2d 453]), we are not obliged to exercise our discretion in that way.

We have reached our conclusions after full briefing by the parties. The result is clear. The court sees no purpose to be served by issuing an alternative writ. We therefore issue a peremptory writ in the first instance (Code Civ. Proc., §§ 1088, 1105; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal. Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let a peremptory writ of prohibition issue restraining the Marin County Superior Court from taking any further action in connection

with paragraph 14, subdivision b, of the December 7, 1979, sanctions order in action No. 82648, Corey v. Wood Producers, Limited, et al., other than to vacate that subdivision of the order and entertain such properly presented motion to reinstate the sanctions as may be filed.

Scott, J., and Feinberg, J., concurred.