[Civ. No. 69521. Second Dist., Div. One. Nov. 14, 1983.]

LOUISE BERTHA O'BRIEN, Plaintiff and Respondent, v.
BELLA CSEH, Defendant and Appellant.

## COUNSEL

Early, Maslach, Leavey & Nutt and Frank J. Ceglar, Jr., for Defendant and Appellant.

Nolan F. King for Plaintiff and Respondent.

## OPINION

**DALSIMER, J.**—Defendant Bella Cseh, appeals from an order imposing sanctions of $150 in attorney's fees on her pursuant to Code of Civil Procedure section 128.5. (All further statutory references are to the Code of Civil Procedure.) Defendant contends that the order is invalid because the notice requirements of due process and section 128.5 were not met and because the order does not detail justification for the imposition of sanctions with the degree of specificity required by section 128.5. We agree with both contentions and reverse the order.

Plaintiff, Louise Bertha O'Brien, filed a complaint for personal injuries against defendant on April 27, 1982. Defendant filed an answer on May 28, 1982. The case was ordered into arbitration on January 13, 1983. On March 21, 1983, the appointed arbitrator sent a letter to both parties notifying them that an arbitration hearing had been scheduled for April 13, 1983, at 6 p.m. On March 24, 1983, Richard Merrill, attorney for defendant, sent a letter to the arbitrator and a copy to plaintiff's counsel notifying them that the date and time of April 13, 1983, at 6 p.m. was "not acceptable."

On April 1, 1983, approximately a week later, plaintiff's attorney, Nolan King, filed an "Ex Parte Application for Court Order Setting Arbitration Date" and "Request for Attorney's Fees Pursuant to C.C.P. § 128.5" in Los Angeles Superior Court. The time for hearing was 11 a.m. that same day. The application included a declaration from Mr. King setting forth his reasons for seeking a court-ordered arbitration date and sanctions against defendant. Mr. King declared that, after receiving Mr. Merrill's letter of March 24, 1983, indicating that the arbitration date was not acceptable, Mr. King contacted the arbitrator's office and was told that the arbitrator was having "some difficulty" in contacting Mr. Merrill. Mr. King also declared that he had personally placed eight unanswered telephone calls to Mr. Merrill. Mr. King concluded from this that "[i]t appears that the defendants are trying to 'Stonewall' this arbitration and unless the Court orders a date certain, the arbitration will not take place."

Mr. King further declared that he had given "the necessary four-hour notice" by calling Mr. Merrill's office on the morning of March 31, 1983, the day before, and advising two secretaries of the "date, time and place of this ex parte application."

Mr. King requested that sanctions be imposed pursuant to section 128.5 in the amount of $225 to compensate him for three hours of work required for these proceedings. The memorandum in support of this request argued that defendant "has intentionally delayed these proceedings." Superior Court Judge Pro Tempore Virginia Chernack issued an order April 1, 1983, the same day, setting the date of April 19, 1983, for the arbitration hearing and ordering "defendant and defendant's counsel" to pay plaintiff's counsel attorney's fees of $150. "Good cause appearing" is the only stated justification. Defendant did not appear at the hearing.

A copy of the ex parte application and court order was mailed to defendant on April 1, 1983. On April 18, 1983, defendant filed a notice of appeal from the portion of the order that required the payment of attorney's fees.

■ We note preliminarily that the challenged order is appealable because it is a final order on a collateral matter directing the payment of money. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]; *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176].)

■ Plaintiff's claim that this appeal is precluded by defendant's failure to seek to vacate the order by means of either a motion for reconsideration (§ 1008) or a motion for relief (§ 473) is without merit. A section 1008 motion for reconsideration would be an attack on the merits of the order,

necessarily based on allegations of different facts, while a section 473 motion for relief would require an admission that the order was caused by some error or inadvertence on the part of defendant. Defendant's contentions on appeal could not have been properly raised by means of either motion.

As the substantive arguments concerning the imposition of sanctions against defendant are not before this court, we do not consider plaintiff's argument that defendant's rejection of the arbitration date justified the imposition of sanctions. As adequacy of notice is the major issue of this dispute, we note, however, that appellant rejected a date that was set in violation of the 30-day notice requirement of California Rules of Court, rule 1611.

I

Defendant's contentions concern two basic procedural infirmities with the order imposing sanctions. The first such infirmity is the lack of notice. Plaintiff's attorney claims to have given one day's notice by telephone to two secretaries of the "date, time, and place" of the ex parte application. This complied with the local notice requirements for ex parte matters (see L.A. Super. Court, "Manual of Ex Parte and Related Matters," § 490B), but an application for sanctions pursuant to section 128.5 is not an ex parte matter. Applications for orders may not be ex parte if a statute or rule requires notice. Section 128.5, subdivision (b), specifically requires notice: "Expenses . . . shall not be imposed except on notice contained in a party's moving or responding papers . . . ." Section 1010 states clearly that "[n]otices must be in writing . . . ." Telephonic notification to a secretary of the "date, time, and place" of such an application does not meet the statutory requirements.

Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions. (Cal. Const., art. I, § 7; U.S. Const., 14th Amend.)

The Legislature's enactment of section 128.5 was a response to the California Supreme Court ruling in *Bauguess* v. *Paine, supra,* 22 Cal.3d 626 that courts do not have inherent power to impose sanctions through awards of attorney's fees. The court's decision was based in large part on the possibility of "serious due process problems" (*id.,* at p. 638) if monetary sanctions were awarded without "appropriate safeguards." (*Id.,* at p. 639; see also *Roadway Express, Inc.* v. *Piper* (1980) 447 U.S. 752, 767 [65 L.Ed.2d 488, 501-502, 100 S.Ct. 2455] [attorney's fees should not be assessed as a sanction without fair notice and an opportunity for a hearing].) Division

Three of this court has recently suggested that the five-day notice requirement for responding papers (§ 1005) is necessary but perhaps not sufficient to satisfy due process requirements when the responding papers contain a request for section 128.5 sanctions. (*Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 647 & fn. 5 [192 Cal.Rptr. 57].)

■ Plaintiff's rush to compel sanctions against defendant on an ex parte basis was a flagrant violation of due process principles. The California Supreme Court has ruled that due process requires fair warning and an opportunity to respond before penalties can be imposed for prosecution of a frivolous appeal. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651-654 [183 Cal.Rptr. 508, 646 P.2d 179].) ■ "Constitutional due process principles are offended by the summary imposition of sanctions by the appellate courts." (*Id.,* at p. 652.) Ex parte imposition of sanctions by a superior court, as in the case at bench, is equally offensive.

## II

■ The second procedural infirmity challenged by defendant is that the court's order fails to meet the requirement of section 128.5 of a detailed recital of the circumstances justifying imposition of sanctions. The order cites no specific circumstances in justification. As with the lack of notice, the lack of specificity violates not only the statute, but due process principles as well. (See *In re Marriage of Flaherty, supra,* 31 Cal.3d 637, 654.)

For both reasons, the order is reversed.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.