[No. B001211. Second Dist., Div. Seven. Mar. 7, 1984.]

JULIAN CORRALEJO et al.,
Plaintiffs, Cross-defendants and Respondents, v.
GERMAN QUIROGA et al.,
Defendants, Cross-complainants and Appellants.

**COUNSEL**

Herb Wiener for Defendants, Cross-complainants and Appellants.

Volchok, Volchok & Zayon and Lauren Ross for Plaintiffs, Cross-defendants and Respondents.

**OPINION**

**THOMPSON, J.**—Defendants' counsel appeals from an order requiring him to pay $100 to plaintiff's counsel pursuant to Code of Civil Procedure section 128.5.

*Factual and Procedural Summary*

Plaintiffs and cross-defendants Julian and Bertha Corralejo (plaintiffs) filed a complaint against the defendants and cross-complainants Consuelo and Gabriel Zapata and German Quiroga (defendants). The complaint was filed in the Municipal Court of Los Angeles on July 23, 1981.

The defendants filed a cross-complaint seeking damages in excess of the jurisdictional limitation of the municipal court. On November 24, 1981, the

matter was ordered transferred to the Los Angeles Superior Court upon payment of transfer fees by the defendants.

On February 25, 1983, the plaintiffs filed a motion to dismiss the cross-complaint for failure of the defendants to pay the requisite transfer fees. One day prior to the time the motion was calendared to be heard, the defendants paid the fee.

The plaintiffs' counsel did not receive any notice of the defendants' payment of fees. Plaintiffs subsequently sought imposition of sanctions against the defendants under Code of Civil Procedure section 128.5. Plaintiffs contended that the defendants' actions were dilatory and required the plaintiffs to suffer expenses of filing and appearing at the hearing to dismiss the cross-complaint.

The court below granted the plaintiffs sanctions under the following order: "Motion is granted. Sanctions of $100.00 from defense counsel to plaintiffs' counsel are ordered. . . ."

## Discussion

Code of Civil Procedure section 128.5 provides: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay . . . . [¶] (b) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

In *Blumenthal* v. *Superior Court* (1980) 103 Cal.App.3d 317 [163 Cal.Rptr. 39], the court in reviewing discovery sanctions under Code of Civil Procedure section 2034, subdivision (d), noted that the imposition of sanctions "clearly contemplates an evidentiary hearing in the trial court on the question of whether the attorney is deserving of blame in connection with his client's failure to comply with discovery." (*Id.,* at p. 320.) The court in *Blumenthal* emphasized that in the cases in which sanctions were upheld, "the moving papers sought sanctions against both client and attorney. Thus, counsel were clearly placed on notice of the possible sanctions against them and of the need to prove blamelessness." (*Ibid.*)

In the case at bench, the notice provides: "NOTICE IS HEREBY GIVEN that . . . Plaintiffs/Cross-Defendants will move for an Order for Payment

of Expenses, including attorney's fees in the above-entitled action pursuant to Section 128.5 of the Code of Civil Procedure.'' The notice does not clearly provide that sanctions were being sought against the attorney. The attorney must be put on notice of the need to prove his or her own blamelessness in the complained of actions.

Moreover, the court order "fails to meet the requirement of section 128.5 of a detailed recital of the circumstances justifying imposition of sanctions. The order cites no specific circumstances in justification. . . . [T]he lack of specificity violates not only the statute, but due process principles as well. [Citation.]" (*O'Brien* v. *CSEH* (1983) 148 Cal.App.3d 957, 962 [196 Cal.Rptr. 409].)

The order is reversed.

Schauer, P. J., and Johnson, J., concurred.