[No. B004922. Second Dist., Div. Seven. Jan. 23, 1985.]

In re the Marriage of LINDEN L. and ERROL KENT FULLER.
LINDEN L. FULLER, Appellant, v.
ERROL KENT FULLER, Respondent;
DAVID ROTTENBERG, Appellant.

COUNSEL

No appearance for Appellant Wife.

David Rottenberg, in pro. per., for Appellant.

Eliaser & Kay and James R. Eliaser for Respondent.

## OPINION

**LILLIE, P. J.**—■■ ■■■■ ■ David Rottenberg, former attorney for the named appellant herein, Linden L. Fuller, appeals from the order of October 26, 1983, denying motion for relief (§ 473, Code Civ. Proc.) from an order imposing a $2,500 sanction.[1]

[1]An order imposing sanctions is appealable as a final order on a collateral matter directing the payment of money. Although appellant was not a party in the main action, he was made a party of record in the collateral matter by the court's order. The order imposing sanctions was a final determination of that matter. Thus, Mr. Rottenberg could have appealed the order of August 30, 1983 (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]; *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 960 [196 Cal.Rptr. 409]); however, he elected to file motion for relief from that order based on section 473, Code of Civil Procedure. We deem the order of denial thereof to be appealable. (*Winslow* v. *Harold G. Ferguson, Corp.* (1944) 25 Cal.2d 274, 282 [153 P.2d 714]; *County of Ventura* v. *Castro* (1979) 93 Cal.App.3d 462, 464, fn. 1 [156 Cal.Rptr. 66]; *Valvo* v. *University of California* (1977) 67 Cal.App.3d 887, 897, fn. 4 [136 Cal.Rptr. 865].)

I

FACTS

In 1982, Linden L. Fuller filed petition for dissolution of her marriage to Errol Kent Fuller involving, among other issues, determination of separate and community interests of the parties in numerous parcels of real property being operated by Mrs. Fuller.

On November 1, 1982, respondent (all reference hereinafter to respondent is to his counsel) served on Mrs. Fuller request for production of documents relating to the properties under her control. She made no written response thereto and did not appear in court for production of documents and did not produce any. Respondent was equally unsuccessful in attempting to communicate with appellant. Finally, on January 25, 1983, respondent filed his first notice of and motion to compel production of documents and for sanctions.

On February 28, 1983, counsel met and conferred and agreed that Mrs. Fuller would produce certain documents by March 31, 1983. Upon her failure to do so, and after numerous unsuccessful attempts to contact appellant, respondent on April 21, 1983, notified appellant in writing that Mrs. Fuller's response was unverified and faulty in other respects. On May 19, 1983, appellant promised respondent he would serve a proper response. Upon appellant's failure to do so, and on May 20, 1983, respondent's motion to compel production of documents and for sanctions was heard. The motion was granted in certain particulars, and Mrs. Fuller was ordered to produce various documents; motion for sanctions was denied.

Thereafter Mrs. Fuller failed to comply prompting respondent to file second notice of motion to compel compliance with the court's order for production of documents and for sanctions ($380 sought against Mrs. Fuller for her willful failure to comply). Meanwhile lis pendens was filed on the parcels of property; motion to expunge and the other motions were set for hearing on July 27, 1983. On the July 27 hearing an order was made, based on written stipulation entered into by the parties, expunging lis pendens on nine parcels of real property and, among other things, allowing Mrs. Fuller to continue to operate the properties and requiring her to account for and turn over in a timely fashion to a joint trust account in the names of appellant and respondent, all rents and profits. In addition, the court orally ordered her to make an accounting of her operation of the properties to respondent and to respond to the request for production and render her accounting to the court on or before August 30, 1983, and the parties to return to court on August 30.

No documents were produced, no proper response to request for production of documents was made and no accounting was rendered to respondent and the court by Mrs. Fuller, thus on August 30, 1983, respondent's motion to compel compliance with order re production of documents and for sanctions, and order to show cause re receiver and accounting came on for hearing; respondent and his counsel appeared but neither appellant nor Mrs. Fuller was present. By virtue of the failure of appellant and Mrs. Fuller to appear and their failure to render a proper accounting, failure to adequately and properly respond to request for production of documents and failure to pay over rents and profits on the real property as required by the order of July 27, 1983, the court on August 30, 1983, made its order awarding sanctions to respondent and his attorney against appellant and Mrs. Fuller, jointly and severally in the amount of $2,500.

On September 21, 1983, appellant was relieved as attorney for Mrs. Fuller. Meanwhile appellant filed motion for relief (from Aug. 30 order granting sanctions) under section 473, Code of Civil Procedure on stated grounds of excusable neglect, mistake and inadvertence. The motion was heard on declarations and denied on October 26, 1983. It is from this order Mr. Rottenberg appeals.

## II

### Scope of Appeal

■ Mr. Rottenberg has appealed on the judgment roll. His main appellate issue is whether the trial court abused its discretion in denying his motion to be relieved of the sanction order of August 30, and it is on this motion he made his record in the court below. In a shotgun approach appellant also raises a variety of other issues which were not raised in the trial court or argued on his motion. Only one such issue, lack of notice to appellant of sanctions to be sought against him individually, will be discussed.

## III

### No Abuse of Discretion

In support of his motion for relief appellant's declaration asserted: Mrs. Fuller was in court and understood the order requiring her to render an accounting within 30 days; he discussed the order with her, explained the nature of the information required and advised her to hire an accountant; he told her he would be out of the country on August 30 and it was imperative she comply with the court's order so the cause would go off calendar; she hired an accountant but appellant never heard from either one; he re-

ceived no accounting from her or the accountant, and left the country on August 25 for a "long-planned" vacation, but that morning instructed his clerk to call Mrs. Fuller and stress the importance of complying with the order; the clerk was unable to contact her; it "was up to" Mrs. Fuller to follow through "as she promised"; on September 20, Mrs. Fuller discharged him. In his memorandum of points and authorities he argued that Mrs. Fuller knew what she was supposed to do, he made every possible effort to obtain her compliance and she knew he was leaving the country, but there was nothing he could do to force her to "act appropriately"; he relied upon her to comply and he should not be penalized for her failure.

Two declarations were filed in opposition to the motion. The declaration of Mrs. Fuller, asserting that appellant did not advise her when he would be out of the country, and generally blaming him for her failure to comply, prayed for a denial of his motion and an order making him solely responsible for paying the $2,500. The declaration of respondent (counsel) asserted: on the July 27, 1983, hearing appellant told him and the court that August 30 was a "convenient" time for him and his client to return; appellant must have known then about his "long-planned" vacation and that he would be out of the country at that time, but at no time did appellant advise him or the court he would not be in court on August 30.

In a second declaration appellant said he thought he had an oral understanding with respondent that if his client produced the accounting the cause would go off calendar.

The foregoing are all of the facts the trial court had before it at the time it was called upon to exercise its discretion on appellant's 473 motion. In disregard of the rules governing appellate review, appellant asks us to accept his reasons for not appearing, which version was rejected by the trial court, and advances a factual argument better suited to a trial court presentation. Implicit in the denial of appellant's motion for relief under section 473, Code of Civil Procedure is the finding that appellant had established none of the grounds (excusable neglect, mistake, inadvertence) for vacating the August 30 sanction order; we will not disturb the order of October 26. Appellant has failed to sustain his burden of showing an abuse of judicial discretion (*Lint* v. *Chisholm* (1981) 121 Cal.App.3d 615, 620 [177 Cal.Rptr. 314]), and none is manifest.

## IV

### NOTICE

For the first time, appellant raises the issue of notice. Under ordinary circumstances, for his failure to raise the issue below he would be

precluded from advancing it in this court. ██ Even a constitutional right must be raised at the trial level to preserve the issue on appeal (*Snelson* v. *Ondulando Highlands Corp.* (1970) 5 Cal.App.3d 243, 259 [84 Cal.Rptr. 800]). ██ We cannot condone appellant's conduct, as a lawyer or as an officer of the court, relative to his failure to appear on August 30, for surely he had a duty to do more than "direct" Mrs. Fuller to comply with the order then leave the country without ascertaining whether she could, would or did comply, without advising respondent's attorney and the court he would not be present on August 30 and without asking the court or opposing counsel for a continuance or arranging for representation for Mrs. Fuller in his absence. But, it is apparent from the record that at no time prior to the making of the sanction order against him did appellant have any notice that sanctions would be sought against him individually, nor did he have any reason to suspect that sanctions would be awarded against him as Mrs. Fuller's counsel. However, he has neither appealed from the order of August 30 imposing sanctions nor filed petition for peremptory writ by which this court could have reached the issue of notice. Instead, he filed in the trial court motion for relief under section 473, denial of which, in his notice of appeal, he denominates "Ruling Denying Reconsideration and Relief from Order Imposing Sanctions." Whatever appellant may call his motion for relief, it is clear that under neither a motion for reconsideration (§ 1008, Code Civ. Proc.) nor motion for relief (§ 473, Code Civ. Proc.) could he have properly raised the issue of notice. (*O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 960 [196 Cal.Rptr. 409].) The time for appeal from the August 30 order having long ago expired and it appearing that the most basic principles of due process are here involved, we treat this appeal as a petition for writ of mandate to reach the issue of notice which has been briefed by both parties.

██ The power to impose discovery sanctions and enforce them lies in the broad discretion of the trial court. (*Calvert Fire Ins. Co.* v. *Cropper* (1983) 141 Cal.App.3d 901, 904 [190 Cal.Rptr. 593]; *Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 380-381 [137 Cal.Rptr. 332].) ██ We cannot determine from the court's order under which statute the court awarded sanctions on August 30 but it is clear that the common thread running through all of the sections giving the court this power is the requirement of notice. (See §§ 177.5, 128.5, 2034, Code Civ. Proc.; *O'Brien* v. *Cseh, supra,* 148 Cal.App.3d 957, 961.) Respondent, as on his motion for sanctions, relies on section 2034 subdivisions (a) and (b)(2)(D), Code of Civil Procedure; section 2034 requires notice. ██ To counter appellant's contention that he received no notice, respondent argues that after the court ordered production of documents and Mrs. Fuller failed to comply, he noticed a second motion to compel compliance with court order and for sanctions which was continued to August 30. But such "notice" was hardly notice to appellant,

Mrs. Fuller's counsel, that sanctions would be sought against him individually.

First, section 2034, Code of Civil Procedure, addresses the conduct of the party, not that of counsel (*Calvert Fire Ins. Co.* v. *Cropper* (1983) 141 Cal.App.3d 901, 904 [190 Cal.Rptr. 593]) unless, of course, counsel advises disobedience by the party. Of this there is no showing in the instant case; in fact, all evidence points to appellant's repeated attempts to have Mrs. Fuller comply with the order.

Second, the moving papers sought sanctions *only* against Mrs. Fuller and for her conduct, and so stated. The second notice of motion and motion to compel compliance with court order and for sanctions, the only pleading upon which the sanctions order could have been based and the pleading upon which respondent herein relies to establish there was a notice before the trial court, states that the motion will be made on the grounds that *Mrs. Fuller* was ordered to produce certain documents, and for *her* willful failure to comply with the court's discovery order. The declaration of respondent (counsel) in support of the motion removes all doubt that it was solely Mrs. Fuller's actions that had necessitated $380 in attorney's fees, the only sanction prayed for. While sanction of $2,500 was actually imposed against Mrs. Fuller and appellant on August 30 "by virtue" of *their* failure to appear on that day, render a proper accounting, adequately and properly respond to request for production of documents and pay over rents and profits, we find no notice to appellant that sanctions would be sought for "*their*" failure to do the foregoing. It is obvious that at the time respondent appeared in court on August 30, he had no intention of seeking sanctions against appellant individually.

Third, appellant was never placed on notice of possible sanctions against him and the need to prove blamelessness, nor did he have any reason to suspect sanctions would be awarded against him individually. While as a formality the notice of motion at the outset was directed to petitioner (Mrs. Fuller) and David Rottenberg, her attorney, nothing in the notice, pleading, declaration or memorandum of points and authorities can be construed as notice to appellant that sanctions would be sought against him individually for something he did or failed to do. The notice of motion recites that the motion will be based on section 2034, subdivisions (a) and (b)(2)(D), a statute directed to the conduct of Mrs. Fuller.

Fourth, notice prior of imposition of sanctions is mandated not only by statute but also by the due process clauses of both state and federal Constitutions. (§ 2034, Code Civ. Proc.; Cal. Const., art. I, § 7; U.S. Const., 14th Amend.)

Fifth, case authority condemns imposition of sanctions *without prior no-tice*. *Blumenthal* v. *Superior Court* (1980) 103 Cal.App.3d 317 [163 Cal.Rptr. 39], reviewed discovery sanctions made under section 2034, sub-division (d) against an attorney where, as here, the moving papers sought sanctions only against his clients. This court annulled the sanction award because counsel was not given notice and a reasonable opportunity to defend against the sanction. Stating that "The most basic principles of due process preclude the taking of his property without notice of an intention to do so" (p. 320), the court in *Blumenthal* noted that the imposition of sanctions "clearly contemplates an evidentiary hearing in the trial court on the ques-tion of whether the attorney is deserving of blame in connection with his client's failure to comply with discovery. . . . [¶] Here, in contrast to the cases cited by the trial court, counsel had no reason to suspect sanctions would be awarded against him individually." (P. 320.) The California Su-preme Court cited *Blumenthal* in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] in which counsel without prior notice had been fined by the appellate court for prosecuting a frivolous appeal. The court held that due process requires fair warning and an op-portunity to respond before such penalties can be imposed. (Pp. 641-654.) "Constitutional due process principles are offended by the summary impo-sition of sanctions by the appellate courts." (P. 652.) And as stated in *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957 [196 Cal.Rptr. 409], "Ex parte imposition of sanctions by a superior court, as in the case at bench, is equally offensive." (P. 962.) In *Corralejo* v. *Quiroga* (1984) 152 Cal.App.3d 871 [199 Cal.Rptr. 733], defendant's counsel was ordered to pay a sanction of $100 to plaintiffs' counsel under section 128.5, Code of Civil Procedure. This court reversed the order, relying on *Blumenthal* v. *Superior Court* (1980) 103 Cal.App.3d 317 [163 Cal.Rptr. 39], and held that plaintiffs' notice of intention to move for an order for payment of ex-penses failed to put defendants' attorney on notice that sanctions were being sought against him. "The notice does not clearly provide that sanctions were being sought against the attorney. The attorney must be put on notice of the need to prove his or her own blamelessness in the complained of actions." (P. 874.)

DISPOSITION

■ We have reached this conclusion after considering the briefing by both parties in their appellate briefs. We think the result is clear. Let a peremptory writ of mandate issue directing the Superior Court of Los An-geles County to annul and vacate that portion of the order of August 30, 1983, reciting David Rottenberg's failure to appear at the hearing of August 30, 1983, and failure to render a proper accounting, failure to adequately and properly respond to the request for production of documents, and failure

to pay over rents and profits on the subject real properties to the joint attorneys' trust account, as required by the stipulation and order dated July 27, 1983, and awarding sanctions in the amount of $2,500 to respondent and his attorney against David Rottenberg.

Thompson, J., and Johnson, J., concurred.