[No. B222002. Second Dist., Div. Six. Mar. 14, 2011.]

In re the Marriage of MAUREEN J. DURIS and WILLIAM AUGUST URBANY.
MAUREEN J. DURIS, Appellant, v.
WILLIAM AUGUST URBANY, Respondent.

**Counsel**

Vanessa Kirker Wright for Appellant.

William August Urbany, in pro. per., for Respondent.

**Opinion**

**GILBERT, P. J.**—Summary proceedings are common in family law cases. Nevertheless, however certain a court may be that a party or an attorney in a family law proceeding deserves sanctions, it must keep in mind an immutable principle that cuts across all areas of the law: sanctions may not be summarily imposed. Due process demands more.

Petitioner Maureen J. Duris appeals a postjudgment order requiring her to pay $10,000 to respondent William August Urbany as sanctions for unnecessary litigation filed by Duris's former attorney in this dissolution of marriage action. We conclude, among other things, that the trial court erred by (1) awarding sanctions without first giving advance notice to Duris that sanctions were an issue at a child support modification hearing, and (2) not affording Duris a hearing to present evidence to contest the imposition of sanctions and the amount of the fees. We reverse and remand for a new hearing.

## FACTS

Duris filed a petition for dissolution of her marriage to Urbany. On June 2, 2004, the trial court entered a judgment of dissolution. The court subsequently ordered the custody of their two children to be shared by Duris and Urbany.

On January 29, 2009, Duris filed a motion to modify the shared custody order. She sought "100% physical and legal custody" of her two sons and increased child support. Urbany filed an opposition.

Duris represented herself, but on September 8, 2009, she substituted Jacqueline Misho as her attorney. Misho commenced discovery and filed a motion to compel Urbany to produce documents. The trial court denied the motion. It ordered the parties to meet and confer to complete discovery.

On November 16, 2009, Duris substituted herself in place of Misho.

On November 23, 2009, the trial court held a hearing on Duris's custody and support motion. At the beginning of this proceeding, it described the issue to be decided as "modification of child support." After the completion of the testimony on the child support issues, the court said it would impose $10,000 in sanctions against Duris because of "unnecessary legal activity" filed by Misho. The court referred to Misho's prior motion to compel as a "fee sink" that "nonetheless required response on the other side." It said, "And for that reason of the approximately $25,000 that Mr. Urbany has expended in attorney's fees to date, I'm going to order Ms. Duris to absorb $10,000."

Duris told the trial court that she was an unemployed attorney, trying to find a job, and could not pay $10,000 and support her children. She said,

"How am I being penalized for hiring [Misho]? How was I supposed to know? I thought she was the best there was." The court did not take evidence on the sanctions and attorney fee issues.

## DISCUSSION

### *Notice, Hearing and Evidence for Findings*

■ Duris contends the trial court erred in awarding attorney fees as sanctions because (1) there was no notice that sanctions were an issue at the child support hearing, (2) there was no hearing on sanctions, and (3) there was no evidence to support findings on the award of attorney fees. We agree.

### *Notice*

■ The trial court awarded attorney fees as sanctions against Duris because of the conduct of her prior attorney. But "for awards based principally on the wrongful conduct of a party or attorney, notice and a hearing [are] required before sanctions may be imposed." (*In re Marriage of Hublou* (1991) 231 Cal.App.3d 956, 964–965 [282 Cal.Rptr. 695].) "[N]otice prior of imposition of sanctions is mandated not only by statute but also by the due process clauses of both state and federal Constitutions." (*In re Marriage of Fuller* (1985) 163 Cal.App.3d 1070, 1077 [210 Cal.Rptr. 73].)

Here there was no advance notice on the issue of sanctions. The trial court summarily awarded them because of actions involving a prior proceeding in this case. But this hearing involved a different issue. Duris filed a motion to modify child support. In his response, Urbany could have raised attorney fees and sanctions as an issue if he had completed the information on point 15 of the income and expense declaration form (Judicial Council form FL-150). But he did not fill out that portion of that document and he never filed a notice of motion for sanctions for the November 23 hearing. The court's minute orders describe the hearing only as a motion to modify child support; there is no reference to sanctions. At the beginning of the hearing, the court said the issue was child support; it did not mention sanctions. Consequently, Duris had no warning that this issue would be decided. "[C]ase authority condemns imposition of sanctions without prior notice." (*In re Marriage of Fuller, supra*, 163 Cal.App.3d at p. 1078.)

### *Hearing*

Duris was not provided a hearing on sanctions. The trial court first raised the sanctions issue during closing arguments after it had completed the

evidentiary hearing on support modification. It then summarily imposed sanctions finding that Misho's motion to compel discovery was unnecessary litigation. Duris was at a substantial disadvantage because the court raised the issue about Misho's conduct when Misho was not present. Because Duris appeared in propria persona and had no prior notice, she had no opportunity to subpoena Misho to explain the reasons for filing the discovery motion. Facts known by Misho were relevant. As Duris's counsel, Misho was legally responsible for developing the discovery strategy the court was challenging. (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 138 [95 Cal.Rptr.3d 799].) Whether Misho reasonably believed that the discovery motion might lead to admissible evidence is an important factor in deciding whether sanctions are appropriate. (*Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1013 [105 Cal.Rptr.2d 115].)

▮ Misho and Duris had no forum to present opposition evidence. In a proceeding to determine whether an attorney's conduct justifies sanctions, there must be a sufficient opportunity to present opposing evidence. (*In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1422 [257 Cal.Rptr. 850]; see also *Lesser v. Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 933 [219 Cal.Rptr. 562] [two days' notice for a sanctions hearing is insufficient time to prepare declarations showing that litigation was filed in good faith].) Duris had no time to file declarations, and Misho was denied an opportunity to challenge the accusation against her and defend her reputation. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 652 [183 Cal.Rptr. 508, 646 P.2d 179] [sanctions determination may harm attorney's professional reputation]; see also *Annex British Cars, Inc. v. Parker-Rhodes* (1988) 198 Cal.App.3d 788, 793 [244 Cal.Rptr. 48] ["it is basic that counsel must have the opportunity to be heard on the issue before sanctions can be imposed"].)

As Duris correctly notes, a hearing would also assist the trial court in determining who should pay the sanctions and the size of the award. The court may decide that (1) the attorney who filed the challenged litigation should pay (*In re Marriage of Quinlan, supra,* 209 Cal.App.3d at p. 1422), or (2) the amount of sanctions should be "scaled to the payor's ability to pay" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 828 [79 Cal.Rptr.3d 588]). Here the court acknowledged that Duris was not working. Duris's claim that paying $10,000 would hamper her ability to support her children is a factual issue that cannot be decided during the brief colloquy of a closing argument. (*In re Marriage of Fuller, supra,* 163 Cal.App.3d at p. 1078; *In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 652.)

### Findings and Evidence

Urbany suggests that the trial court's findings on attorney fees are supported by evidence in the record. Duris disagrees. She claims the court acted

without taking evidence and that Urbany's appellate brief does not comply with the rules of court. She is correct. Duris prepared a two-volume appellant's appendix. Urbany does not challenge the completeness of it or cite to a single document in it. Most of the factual assertions in his brief involve allegations against Duris that are not accompanied by any citations to the record. (*Crestmar Owners Assn. v. Stapakis* (2007) 157 Cal.App.4th 1223, 1232 [69 Cal.Rptr.3d 231] [appellate courts are not required to consider issues that are not supported by references to appropriate authority and citations to the record].)

■ Even so, Duris's claims also are well taken on the merits. The trial court said Urbany "expended" $25,000 in attorney fees, and consequently Duris should "absorb" $10,000 of that sum. But Urbany does not cite any evidence in the record to support the finding that he incurred or paid $25,000 to his attorney. Paul Capritto, Urbany's counsel, filed a trial brief on the day of the hearing. In a passing comment in that brief, he requested the court award $25,000 in attorney fees. A closing brief is not a proper method to seek sanctions. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 369 [50 Cal.Rptr.3d 398].) The allegations of a brief are not evidence and a brief is not a sworn document. (*In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1222, fn. 5 [87 Cal.Rptr.2d 339].) Capritto did not testify. He did not file a declaration setting forth his hours, his hourly rates, a description of his services, or what Urbany paid as fees. Urbany's income and expense declaration sets forth no amounts incurred as fees.

The absence of evidence "disclosing the nature and extent of counsel's services" hampered the trial court's ability to make fact findings. (*In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 303 [149 Cal.Rptr. 918].) It could not impose monetary liability based on speculation or on opposing counsel's unsworn statements. (*In re Marriage of Reese & Guy, supra*, 73 Cal.App.4th at p. 1222, fn. 5.) "Without ascertaining whether or at what hourly rate the work for which reimbursement was sought was actually done, much less that the work was 'reasonably necessary' . . . , the trial court could not properly find that imposing" liability for the other spouse's legal fees was appropriate. (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 869 [89 Cal.Rptr.2d 525].)

Duris was prevented from presenting evidence to challenge the basis for the award, the reasonableness of the fees and the hourly rates. This summary imposition of attorney fees as sanctions is not consistent with due process procedural protections. (*In re Marriage of Flaherty, supra*, 31 Cal.3d at p. 652.)

The order requiring Duris to pay $10,000 is reversed. The matter is remanded to the trial court with instructions to conduct a new hearing with proper notice. Costs on appeal are awarded in favor of appellant.

Yegan, J., and Coffee, J., concurred.