Filed 8/11/14  Bartholomew v. Triay CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARILYN BARTHOLOMEW,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CHARLES A. TRIAY et al.,<br><br>    Defendant and Respondents. | A139998<br><br>(Alameda County<br>Super. Ct. No. RG12615113)<br><br>**ORDER MODIFYING OPINION<br>AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

BY THE COURT:

It is ordered that the nonpublished opinion filed herein on July 17, 2014, be modified as follows:

Delete the words "except trial" from the second sentence at the top of page two. The sentence now reads:  "The two cases were consolidated for all purposes on August 10, 2012."

This modification does not change the judgment.

The petition for rehearing is denied.


_____                    _____
                Date                                                                            Acting P.J.


1

Filed 7/17/14  Bartholomew v. Triay CA1/1 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARILYN BARTHOLOMEW,<br><br>           Plaintiff and Appellant,<br><br>v.<br><br>CHARLES A. TRIAY et al.,<br><br>           Defendants and Respondents. | A139998<br><br>(Alameda County<br>Super. Ct. No. RG12615113) |

**INTRODUCTION**

This legal malpractice case arose after Bartholomew (plaintiff) retained Triay and his law firm (defendants) in a probate matter.  Triay was the fourth law firm retained by plaintiff to represent her in this matter.  Eventually, defendants made a motion to withdraw as counsel, which was granted.  Plaintiff was not happy with the results of Triay's work on her behalf and sued Triay and his firm for the work, in propria persona.  The discovery process proved to be contentious, plaintiff failed to appear at a scheduled deposition, and defendants moved to compel her deposition, which motion the court granted.  When the court's order did not prompt plaintiff to make herself available for deposition, defendants moved for terminating sanctions, which the court granted.  This appeal follows.  We find no abuse of discretion or denial of due process and affirm.

**STATEMENT OF FACTS**

Plaintiff filed her complaint against defendants on January 31, 2012.  The case was assigned to Judge Freedman for all purposes.  Trial was scheduled for July 15, 2013.

1

Defendants countersued for attorney's fees. The two cases were consolidated for all purposes except trial on August 10, 2012.

On September 17, 2012, defendants noticed plaintiff's deposition for October 3, 2012. Plaintiff asked defendants to continue the deposition because of her pending discovery motion.[1] Defendants did so, but plaintiff would not agree to a specific date after the October 19, 2012 hearing date. From October 19 to December 2, defense counsel made several attempts to reschedule plaintiff's deposition. Plaintiff avoided any proposed dates, claiming she had matters during the holiday season that consumed her availability, and that her newly hired attorney was not available to discuss deposition dates with defense counsel because of the limited scope of his representation.

Finally, on December 3, 2012, plaintiff indicated she could be available for deposition on January 15, 16 or 17, 2013. On December 4, 2012, defendants indicated they would depose her on January 16, 2013 and re-noticed her deposition for that date. Plaintiff did not file any objection to the date selected pursuant to Code of Civil Procedure section 2025.410.[2] However, she failed to appear for her scheduled deposition on January 16, 2013.

The two sides began a meet-and-confer process to reach a new date. Defense counsel proposed four alternative deposition dates: January 23, 24, 28, and 30. On January 16 and 23, 2013, defendant sent plaintiff a meet-and-confer letter indicating he would file a motion to compel her deposition unless they could mutually agree on a date.

On February 4, 2013, defendants filed a motion to compel plaintiff's deposition to be heard March 1, 2013. On February 11, 2013, plaintiff filed a motion to compel further responses and document production.[3] On February 15, plaintiff filed an ex parte

---

[1] Between June 20, 2012 and March 20, 2013, the parties litigated numerous motions to compel discovery and impose sanctions.

[2] Further unspecified statutory references are to the Code of Civil Procedure.

[3] By tentative ruling on March 20 and 21, 2013, the court denied plaintiff's February 11 motion to compel further discovery responses, granted the motion to compel a further response to RPD No. 50, and denied plaintiff's request for monetary sanctions. Plaintiff

application for a continuance of the March 1 hearing date on defendants' motion, which defendants opposed. She also filed an opposition to defendants' motion to compel plaintiff's deposition. The ex parte application was denied the same day. On February 25, 2013, plaintiff filed a motion to compel further responses to interrogatories and for monetary sanctions. [4]

On February 28, 2013, the court issued a tentative ruling granting defendants' motion to compel plaintiff's deposition. Plaintiff challenged the tentative ruling , and a hearing was held on March 1, 2013, at which time the court adopted its tentative ruling. The order stated, in relevant part: "Plaintiff shall appear for her deposition at the offices of Defendants' counsel . . . on a date and time to be mutually agreed by the parties but by no later than March 22, 2013 unless the parties otherwise agree." However, through inadvertence and clerical error, the order was not memorialized as a minute order until March 19, 2013, at which time the order was entered in the minutes and posted on the court's public "DomainWeb" site. Between February 28 and March 19, 2013, plaintiff "was checking the Register of Actions of this case on DomainWeb every day, sometimes more than once a day, to see whether the order had yet been issued." The written order was mailed to the parties March 23, 2013.

At the March 1 hearing, defendants, assuming they had been successful in getting an order to compel plaintiff's deposition, asked plaintiff to suggest dates for her deposition. Plaintiff advised she was unable to provide any available deposition dates at that time. Later that day, defense counsel sent plaintiff a letter asking for several dates she would be available for deposition between March 1 and March 22. On March 8, defendants sent a second letter to plaintiff attempting to schedule her deposition. A third letter was sent on March 12, indicating defendants did not want to have to revisit this

filed her first motion to disqualify Judge Freedman on March 21. Hearing on the motion set for March 22 was continued in light of the disqualification motion.

[4] This motion, originally scheduled for hearing on March 22, was also continued in light of the disqualification motion.

3

issue at the further case management conference on March 22, and counsel needed more than "just a few day's notice" to rearrange his schedule to accommodate plaintiff's availability.[5]

On March 21, plaintiff filed the first of six challenges for cause against Judge Freedman. She filed the second on April 16, 2013, the third on May 1, 2013, and the fourth on June 5, 2013. Two out-of-county judges were assigned to review for bias the declarations of Judge Freedman and plaintiff in the first three challenges for cause. Both judges ruled against plaintiff.

Defendants received no response from plaintiff to the three letters requesting dates for a deposition. On March 26, 2013, defendants filed a motion for sanctions, including terminating sanctions. On April 1, 2013, plaintiff sent defendants a letter via email and first class mail informing them she had not responded to their letters requesting deposition dates because the court's order was not entered in the minutes until March 19, which she knew because she had been checking the Register of Actions on DomainWeb daily. On April 8, plaintiff filed her opposition to defendants' motion for terminating sanctions. As of April 12, 2013, the date defense counsel filed a supplemental declaration in support of the motion, plaintiff had still not replied to the March letters seeking a new date, or offered to meet and confer on deposition scheduling.

The hearing on defendants' motion for terminating sanctions was originally scheduled for April 19, 2013. However, Judge Freedman had to continue that motion and plaintiff's pending discovery motions several times because of plaintiff's serial challenges for cause against him. The hearing on defendants' motion for terminating and other sanctions was ordered continued to May 3. On May 3, the hearing on defendants' motion, plaintiff's discovery motions filed February 11 and 25, and the case management conference scheduled for May 3 were continued to June 7. Finally, on June 7, the case

---

[5] By separate letter dated March 8, 2013, defendants made a statutory offer to compromise pursuant to section 998.

4

management conference, plaintiff's discovery motions, and defendants' motion for terminating sanctions were all continued until June 14 due to plaintiff's June 4 challenge for cause, which had not yet been ruled on.

On June 5, 2013, this court summarily denied plaintiff's petition for writ of mandate or prohibition from the denial of her first three challenges for cause.

On June 13, 2013, Judge Freedman issued three orders notifying the parties their appearances were required at the hearing the next day, June 14.[6] The parties were anticipating some action on the hearing because it had been continued several times due to plaintiff's challenges that were filed just before each scheduled hearing date (i.e. April 16 challenge, April 19 hearing; May 1 challenge, May 3 hearing; June 5 challenge, June 7 hearing). The court's written order striking the fourth challenge (June 5) was filed June 13.

The court's order requiring the parties to appear at the hearing the next day was also communicated by email to each side. Plaintiff confirmed receipt of the email by replying to it at 11:12 a.m., stating: "Please see attached email from me dated May 2, 2013 which was my response to Dept. 20 regarding a similar tentative ruling that had appeared when there had not been a ruling on a previous pending challenge for cause that I had filed. Everything I stated in that May 2nd email also applies to the current situation of the challenge dated June 4, 2013 to which each order dated June 7, 2013, regarding motion hearing dates, refers in its statement: '*The court construes this as an additional challenge for cause. The challenge has not yet been ruled on.*' " (Italics in original.)

In an email to the Department 20 court clerk, copied to plaintiff, sent at 11:38 a.m., defense counsel replied: "I represent Defendants in the above referenced matter,

---

[6] The orders were issued on DomainWeb as tentative rulings, although there was no actual ruling on the merits. As to each motion, the order stated: "Parties To Appear [¶] This Tentative Ruling is issued by Judge Robert B. Freedman On the Motion … filed by [party's name] on [date]. PARTIES ARE TO APPEAR (in person or by CourtCall) at the hearing at 2:00p.m. on June 14, 2013, in Dept. 20, Administration Building, 4th Floor, 1221 Oak Street, Oakland."

and am providing the response below to Plaintiff's email correspondence from a few minutes ago. [¶] Given the upcoming trial management conference and trial dates on 7/11/13 and 7/15/13 respectively, the Defense believes it would be beneficial to proceed with the rescheduled hearing on 6/14/13 to address (at a minimum) case management issues and hopefully also the multiple pending discovery motions." At 12:54 p.m., plaintiff replied to the court clerk and defense counsel: "I disagree with Mr. Johnson's opinion. My understanding of the status of this case is that, while the question of disqualification is pending, any hearing or proceeding between the parties and the court has been stayed, and therefore remains postponed, for the entire period of that status."

The court clerk made it clear the judge expected each side to appear. At 3:20 p.m. the clerk emailed the parties: "Good afternoon, [¶] Please be advised that the court's rulings directing the parties to appear on June 14, 2013 remain in effect. Telephonic appearances are authorized if requested." At 3:54 p.m. plaintiff replied: "Sianté: By law, my appearance is not required and is not possible under the circumstances. I have not yet heard from Dan on this." And finally, at 5:34 p.m. plaintiff emailed the court and counsel: "There has not yet been a response from Dan or any other research attorney for Dept. 20, regarding my those [*sic*] tentative rulings; so, this is my last email on the subject. Please be advised that there will <u>not</u> be an appearance by me on June 14, 2013." (Emphasis in original.)

On June 14, 2013, plaintiff failed to appear at the hearing. No excuse was provided the court. The court proceeded to grant the motion to terminate the case because of plaintiff's refusal to submit to a deposition, even after an order compelling it, and dismissed her complaint.[7] The court's reasons for its decision are set forth in detail in its written order.[8] The court vacated the July 15, 2013 trial date and subsequently

---

[7] In light of its order dismissing plaintiff's complaint, the court dropped as moot plaintiff's pending discovery motions.
[8] The judgment of dismissal was filed August 13, 2013.

scheduled a further case management conference on defendants' previously consolidated complaint for attorney's fees against plaintiff. [9]

On June 20, 2013, plaintiff filed her fifth challenge for cause to disqualify Judge Freedman. The court's order striking the challenge was filed June 25, 2013.

On June 26, 2013 plaintiff filed a declaration regarding the "tentative rulings of June 13, 2013 and email communications between the parties and Department 20 on said date." In it, she averred she did not "refuse" to appear at the hearing on June 14, 2013. Instead, the court did not inform her, and she was not informed, there would be hearings on that date. The court failed to serve notice by mail that there would be hearings on that date until after the fact; she was never informed of the court's June 13 order striking her challenge for cause; and "the content of [her] email messages . . . reflects that during business hours on June 13, 2013 [she] was informing the court that [she] interpreted the tentative rulings to mean that only procedural matters – such as proposed schedules for continued motion hearing dates, rescheduling other dates, and rescheduling the trial date – would be addressed by the Court on June 14, 2013." On July 5, 2013, plaintiff filed a second declaration regarding the court's tentative rulings of March 20, March 21, May 1, and May 2, 2013 and the May 2, 2013 emails between Department 20 and the parties. Finally, plaintiff filed a motion to vacate and set aside the dismissal on August 13, 2013.[10] The motion to vacate the dismissal was heard and denied by detailed written order September 12, 2013.[11] This appeal follows.[12]

---

[9] The two cases were unconsolidated on August 12, 2013.

[10] An amended motion and declaration were filed August 15, 2013.

[11] Plaintiff subsequently filed a *sixth* challenge for cause on October 10 and an amended declaration in support of it on October 15, which were stricken by the court by written order.

[12] Plaintiff also appeals the amended judgment containing a cost award, although she makes no argument about the cost award.

**DISCUSSION**

Plaintiff challenges the court's dismissal of her action as void, arguing the court's denial of her motion to vacate and set aside the dismissal was an abuse of discretion and an act in excess of its jurisdiction. She also argues the court abused its discretion in granting the motion for terminating sanctions, dismissing her action, and dropping her discovery motions. Finally, plaintiff argues she was denied due process because the judge was biased and the proceedings were devoid of due process. We disagree.

*I. Standard of Review*

Our analysis of plaintiff's contentions begins with the applicable standard of review. On appeal, we review the trial court's choice of sanctions with respect to discovery matters for abuse of discretion. (*Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 228.) While the trial court's discretion to impose discovery sanctions is broad, and will not be disturbed on appeal absent a showing of abuse (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1293; *Sauer v. Superior Court, supra,* at p. 228), it is circumscribed by certain substantive and procedural limits. Substantively, there must be a willful failure to comply with a court order for discovery. (*Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1327.) Procedurally, a noticed motion is required, and sanctions may not be granted ex parte. (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 202.)

An order denying a motion for relief from dismissal pursuant to section 473, subdivisions (b) and (d), on account of a party's mistake, inadvertence, surprise, or excusable neglect is likewise reviewed for abuse of discretion. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) We decline plaintiff's invitation to review de novo the court's fact-driven disposition of her motion.

*II. The Court Did Not Act in Excess of Its Jurisdiction*

We first address plaintiff's contention the court acted in excess of its jurisdiction by ordering the parties to appear for hearing on June 14, 2013, in light of plaintiff's June

8

challenge for cause. The objection to the court's jurisdiction is not well taken. As of June 13, 2013 – the day the trial court issued a tentative ruling ordering the parties to appear the next day – plaintiffs first three challenges for cause had been denied by independent judges, the court of appeal had summarily denied her petition for writ of mandate, and the trial court had stricken plaintiff's fourth challenge, filed June 5. It is true orders made by a disqualified judge are void. (*Rossco Holdings, Inc. v. Bank of America* (2007) 149 Cal.App.4th 1353, 1362.) " '[D]isqualification occurs when the facts creating disqualification arise, not when the disqualification is established.' [Citation.]" (*Id*. at p. 1363.) " '[A] disqualified judge has no power to act in any proceedings after his or her disqualification.' [Citation.]" (Id. at p. 1364.) However, as of June 13, 2013, there were no facts giving rise to disqualification, and Judge Freedman was not a disqualified judge. Judge Freedman acted well within his power when he ordered the parties to appear at a hearing on the merits of a motion that had been pending for months and duly continued to June 14 on June 7. Furthermore, as the court noted in its order, "even before the court entered its order on June 13, 2013 striking the fourth challenge, it had authority to '[s]et proceedings for trial or hearing,' which includes publishing a tentative ruling requiring the parties to appear at the hearing on June 14, 2013. (See C.C.P. § 170.4 (a)(5)."[13]

Plaintiff's further argument that California Rules of Court, rule 3.1308 (a)(1)[14] and

---

[13] Section 170.4 provides in relevant part: "(a) A disqualified judge, notwithstanding his or her disqualification may do any of the following: [¶] . . . [¶] (5) Set proceedings for trial or hearing. [¶] (6) . . . [¶] (b) Notwithstanding paragraph (5) of subdivision (c) of Section 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken."

[14] California Rule of Court 3.1308, subdivision (a)(1) provides: "**(a) Tentative ruling procedures** [¶]A trial court that offers a tentative ruling procedure in civil law and motion matters must follow one of the following procedures: [¶](1) *Notice of intent to appear required* [¶]The court must make its tentative ruling available by telephone and also, at the option of the court, by any other method designated by the court, by no later than 3:00 p.m. the court day before the scheduled hearing. If the court desires oral argument, the tentative ruling must so direct. The tentative ruling may also note any issues on which the court wishes the parties to provide further argument. If the court has

9

Superior Court of Alameda County Local Rules, rule 3.30(c)[15] require that parties be allowed to contest a notice to appear at a scheduled hearing is likewise not well taken. California Rules of Court, rule 3.1308(a)(1) clearly contemplates a ruling on the merits of a contested issue already set for hearing. It permits a party to challenge a tentative ruling on the merits by notifying other parties of his or her intent to contest the ruling in person at the scheduled hearing. Local rule 3.30, subdivision (c) is even clearer: It applies to tentative rulings *and* notices to appear, and specifies that "[w]henever a tentative ruling has not been issued, the parties are to appear at the hearing unless otherwise ordered." (Super. Ct. Alameda County, Local Rules, rule 3.30(c).) The rules do not contemplate that a party will use the tentative ruling procedure to contest the necessity of his or her appearance at the scheduled hearing. Here, the discovery motions were already scheduled for hearing on June 14, 2013. The court made no tentative ruling on the merits. Under the local rule, the court need not have ordered the parties to appear, since their appearance at the hearing was assumed in the absence of a tentative ruling on the merits. Instead, to be absolutely clear, the court used the tentative ruling procedure as a means of expeditiously notifying the parties that their appearances at a hearing the next

not directed argument, oral argument must be permitted only if a party notifies all other parties and the court by 4:00 p.m. on the court day before the hearing of the party's intention to appear. A party must notify all other parties by telephone or in person. The court must accept notice by telephone and, at its discretion, may also designate alternative methods by which a party may notify the court of the party's intention to appear. The tentative ruling will become the ruling of the court if the court has not directed oral argument by its tentative ruling and notice of intent to appear has not been given."

[15] Alameda County Superior Court Local Rules, rule 3.30, subdivision (c) provides: "The court adopts the tentative ruling procedure set out in California Rules of Court, rule 3.1308(a)(1). The tentative ruling *or notice to appear* will generally be available by 4:00 p.m. two court days prior to the scheduled hearing and no later than 3:00 p.m. the court day before the hearing. Unless the court directs otherwise, the court's tentative ruling will be available on the court's website at www.alameda.courts.ca.gov/tentativerulings or by calling (866) 223-2244. *Whenever a tentative ruling has not been issued, the parties are to appear at the hearing unless otherwise ordered.*" (Super. Ct. Alameda County, Local Rules, rule 3.30, as amended Jan. 1, 2010, italics added.)

10

day were required.  The court's use of the tentative ruling procedure to ensure the parties understood they were to appear the following day at the hearings did not rob the court of the authority to require the parties' attendance at a scheduled hearing on pending motions, especially when in this case the DomainWeb notification was confirmed by emails from the court clerk that the parties were expected to appear.

### III. The Court Did Not Abuse Its Discretion in Its Choice of Discovery Sanctions

Next we consider whether the court abused its discretion in imposing the ultimate sanction, dismissal of plaintiff's action, either because she repeatedly refused to make herself available for deposition, or because she failed to comply with the court's order compelling her deposition.  "A trial court may impose sanctions, including terminating sanctions, for a party's misuse of the discovery process, which includes disobedience of a court order." (*Sole Energy Co. v. Hodges, supra,* 128 Cal.App.4th at p. 207; see §§ 2023.010 [misuses of discovery], 2023.030 [sanctions].)

#### A. Substantive Prerequisites

Generally speaking, nonmonetary sanctions for discovery abuse will not be imposed in the absence of willful failure to comply with a prior court order.  Two facts are generally prerequisite to the imposition of nonmonetary sanctions: (1) absent unusual circumstances, there must be a failure to comply with a court order, and (2) the failure must be willful. (See, e.g., *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 496 [terminating sanctions properly imposed for repeated efforts to thwart discovery, including violation of two discovery orders].) "Even where nonmonetary sanctions are called for, they . . . ' " 'should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.' [Citations.] . . . [¶] ' "The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks, but the court may not impose sanctions

11

which are designed not to accomplish the objects of discovery but to impose punishment. [Citations.]" ' " ' " (*Biles v. Exxon Mobil Corp., supra,* 124 Cal.App.4th at p. 1327.)

There must be a judicial finding of willful non-compliance. (See, e.g., *Weinkauf v. Superior Court* (1966) 64 Cal.2d 662, 664; *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 787-788.) "To justify imposition of such discovery sanctions, the trial court must expressly find that the disobedient party's failure to obey was wilful." (*Motown Record Corp. v. Superior Court* (1984) 155 Cal.App.3d 482, 489.) The propriety of terminating sanctions is determined by the totality of the circumstances, including the willfulness of the improper acts, the detriment to the propounding party, and the number of formal and informal attempts to obtain the discovery. (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1244-1246.)

**B. Procedural Requirements**

The trial court's power to impose discovery sanctions is also limited by statutory and constitutional procedural requirements. (See *Sole Energy Co. v. Hodges, supra,* 128 Cal.App.4th at pp. 207-208.) By statute, "the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose" specified sanctions. (§ 2023.030.) "Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions." (*O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961 [sanctions under § 128.5]; *Sole Energy Co. v. Hodges,* at p. 208 [discovery sanctions].) To satisfy these procedural safeguards, a noticed motion is a necessary predicate to the imposition of discovery sanctions. (*Sole Energy Co. v. Hodges,* at pp. 207-208; see § 2023.040; *Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 5 [citing predecessor provision, former § 2034, subd. (d)].) Ex parte imposition of discovery sanctions offends due process as well as statutory protections. (*Sole Energy Co. v. Hodges,* at p. 208.)

A party must also have notice of the court's order. Usually, the prevailing party prepares and serves upon the opposing party a conforming order. [16] But if the prevailing party fails to do so, the notice requirement is satisfied by a court-issued minute order in lieu of an attorney-prepared order. "An order is a 'direction of a court or judge, made or entered in writing,' other than a judgment. ([§] 1003; see *Passavanti v. Williams* (1990) 225 C.A.3d 1602, 1605, ['another way of defining an order is the court's written ruling on a motion'; orders distinguished from judgments]; C.J.E.R., Judges Benchbook, Civil Proceedings: Before Trial 2d, § 6.53 et seq.)" (6 Witkin, Cal. Proc. (5th ed. 2008) Proceedings Without Trial, § 44, p. 466.) "Even if the court does not direct preparation of an order, one must be prepared whenever a party prevails on a motion.... (C.R.C., rule 3.1312(a).) . . . [¶] A trial court's oral ruling on a motion does not become effective until it is filed in writing with the clerk or entered in the minutes. Accordingly, the trial court may properly file a written order differing from its oral ruling when the ruling has not been entered in the minutes. Furthermore, when the trial court's minute order expressly indicates that a written order will be filed, only the written order is the effective order. . . . [¶] . . . One of these methods must be used if the order is to be effective." (7 Witkin, Cal. Proc. (5th ed. 2008) Judgment, § 54, pp. 589-590.)

**C. Analysis**

Plaintiff argues no evidence supports opposing counsel's allegations or the court's findings that she refused to comply with the order compelling her deposition, or refused to attend a deposition, because (1) defendants never noticed a deposition for her to attend between March 1, 2013 and June 14, 2013; (2) it was not plaintiff's fault defendant failed

---

[16] "If the prevailing party does not get around to preparing the order, then any other party may do it. (California Rules of Court, Rule [3.1312(d) ].) The main 'sanction,' of course, is that the victory won in the presentation of the motion does not 'go into effect' until the order is signed, so prevailing parties are pretty good about getting this job done." (Younger on California Motions (2004 ed.) Ch. 2, Document Preparation and Service, § 2:38, p. 32.)

13

to notice a deposition or propose dates for deposition; and (3) the order did not require plaintiff to propose dates.

Plaintiff's arguments do not demonstrate an abuse of discretion based on the totality of the circumstances. (*Lang v. Hochman, supra,* 77 Cal.App.4th at pp. 1244-1246.)  In this case, those circumstances included the events which led up to the court's March 1, 2013 order compelling plaintiff to make herself available for deposition in the first place, such as failing to appear at a noticed deposition on January 16, 2013 without good cause and without having served a valid objection, and refusing thereafter to meet and confer about any other date for her deposition.

It also included plaintiff's conduct after the court's order compelling her deposition.  It is true the court's order did not become effective until March 19, 2013. Plaintiff cannot be sanctioned for failing to comply with the court's March 1, 2013 order while it was subject to modification. However, plaintiff had *actual notice* that the court's order of March 1 had been memorialized in a minute order on March 19.  The order merely required plaintiff to appear for deposition and produce documents "on a date and time to be *mutually agreed* by the parties but by no later than March 22, 2013 *unless the parties otherwise agree*."  (Italics added.)  Substantial evidence supports the court's finding that plaintiff's conduct was willful.  No abuse of discretion appears.

Plaintiff also argues the choice of a terminating sanction was excessive and unnecessary, because the defense said it was willing to go trial even if the court imposed no sanctions, the court still needed to resolve plaintiff's pending discovery motions, and a simple continuance of the July 15, 2013 trial date would have given both sides time to complete discovery and provided the court with an opportunity to give plaintiff  "a warning of the possibility of enhanced sanctions."  However, as the court noted in its June 14, 2013 order, plaintiff did not provide the court "with any reason to believe that a lesser order could or would be able to address the prejudice caused by her chosen strategy at this late date," nor had the court's prior order imposing monetary sanctions of $1,230

14

"have the effect of compelling Plaintiff's compliance with her discovery obligations. . . . [T]he fact that Plaintiff did not comply with her obligation to appear for her deposition despite such prior sanctions is a factor reflecting that further sanctions of a lesser nature would not be effective."  The court did not abuse its discretion by not warning plaintiff or continuing the trial date.

### IV. The Trial Court Did Not Abuse Its Discretion In Denying Plaintiff's Motion to Vacate and Set Aside The Dismissal Under Section 437, Subdivisions (b) and (d).

Subdivision (b) of section 473 permits a court "upon any terms as may be just" to relieve a party from a dismissal "taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  Subdivision (d) of that section permits the court to "correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."  (§ 473, subd. (d).) As discussed above in section II of this opinion, the court's order was not void; nor was it a clerical error. Thus, subdivision (d) is not implicated here.

The gravamen of plaintiff's complaint under subdivision (b) is that the court made an "extrinsic mistake" in "failing to give [her] adequate notice that Triay's motion for terminating sanctions would be heard with oral argument on June 14, 2013." Furthermore, "court staff failed to inform her" that she was incorrect "in her belief that only discussion regarding scheduling or proposed scheduled dates, for the pending matters, would occur on June 14, 2013."  Thus, it was the court's fault that "caused [her] to be deprived of opportunity to make oral argument" on June 14, 2013.  We disagree.

As discussed above in section II of this opinion, local rules required plaintiff's attendance at the scheduled hearing because the court had not issued a tentative ruling on the merits.  In addition to the local rule, the record shows the court explicitly used the tentative ruling mechanism to advise the parties their attendance at the hearing was required, and then reinforced that message by having the court clerk deliver it again by

15

email after plaintiff indicated she did not believe her attendance was required. The court delivered adequate notice. More was not required. Plaintiff has not demonstrated the court abused its discretion in finding no excusable mistake on plaintiff's part.

### V. The Trial Court Did Not Deprive Plaintiff of Due Process or a Fair Hearing.

Finally, plaintiff contends she was deprived of due process and a fair hearing because Judge Freedman was not impartial, plaintiff was not adequately notified of the proceedings, nor was she given the opportunity to be heard or to cross-examine her accusers at the proceedings. (See *Goldberg v. Kelly* (1970) 397 U.S. 254, 267-268.) We disagree. For the reasons discussed above, we find plaintiff was given adequate notice that her appearance was required at the June 14, 2013 hearing on defendant's pending motion for terminating or other sanctions, which hearing had been duly scheduled and previously noticed. She chose not to appear, thereby forfeiting her opportunity to be heard or to question her accusers. Finally, the record is devoid of evidence that Judge Freedman believed she perjured herself or that he was otherwise not impartial. The fact he did not find her excuses and arguments sufficient to warrant relief under section 473, subdivision (b) is not evidence of lack of impartiality. Plaintiff was not deprived of due process or a fair hearing.

## DISPOSITION

The judgment is affirmed. Defendants shall have costs on appeal.


_____
Dondero, J.


We concur:


_____
Margulies, Acting P.J.


_____
Banke, J.

17