Filed 1/15/14  Marriage of Vazquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of ADRIAN C. and ANGELITA S. VAZQUEZ. | |
| ADRIAN C. VAZQUEZ,      Appellant,         v. ANGELITA S. VAZQUEZ,      Respondent. | G047999 (Super. Ct. No. 02D000575) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Duane T. Neary, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of Michel & Rhyne and Michael L. Michel for Appellant.

William Murphy Swain for Respondent.

\*          \*          \*

Adrian C. Vazquez appeals from an order requiring him to pay $25,000 in sanctions and $36,424 in attorney fees in this marital dissolution action. Adrian (we refer to the parties, who share a surname, by their first names solely for the sake of clarity) argues the order must be reversed for several reasons. With respect to the sanctions, Adrian claims (1) the award is void ab initio, because the court's minute order refers to *Evidence Code* section 271, rather than *Family Code* section 271 as the basis for the sanctions; and (2) the award must be reversed because he was never served with proper notice of a request for sanctions on the basis of Family Code section 271. And with respect to the attorney fees award, Adrian claims the order is unsupported by sufficient evidence of his financial status.

We affirm the order. The reference to "Evidence Code" section 271 in the court's minute order was obviously a clerical error. As Adrian himself points out, there is no section 271 in the Evidence Code. By contrast, Family Code section 271 not only exists, it is the very statute which sets forth the special standard applicable to sanctions awards in marital dissolution cases. Even Adrian is prepared to assume, "for the sake of discussion," that the court intended to make its sanctions award pursuant to Family Code section 271. We join in that assumption. Moreover, we reject Adrian's claim the sanctions award should be reversed based on the insufficiency of notice. The court expressly stated in a prior order (in which it also found Adrian to have perjured himself) that it was reserving jurisdiction to award sanctions pursuant to Family Code section 271; moreover, Angelita did specifically argue for an award of such sanctions be made against Adrian *pursuant to that statute*, in the papers filed in support of her motion, two months before the hearing at which the court did so. If Adrian had any objection to the sufficiency of that notice, he waived it by failing to raise it below.

As for the attorney fees award, it cannot be challenged on the basis of insufficiency of the evidence without providing this court with a complete record of the

evidence introduced at the hearing below. In the absence of a contrary showing, we must presume the evidence was sufficient to support the judgment or order appealed from. If Adrian wished to preserve his right to challenge the sufficiency of the evidence to support any award made against him, it was incumbent upon him to ensure that an appropriate record of the evidence was provided to us. His failure to do so dooms the challenge.

FACTS

This dispute arises in the context of a marital dissolution action. In July 2011, Angelita filed her initial order to show cause (OSC), seeking a modification of child support based on Adrian's increased income, plus an award of attorney fees and an order requiring Adrian to contribute to the expense of the children's orthodontia. In September 2011, Angelita filed a motion to compel Adrian to respond to a demand for inspection of documents relating to his finances, and for an award of attorney fees and costs. The OSC was continued and in December 2011, the court granted Angelita's motion to compel and awarded sanctions against Adrian.

In January 2012, Angelita filed a motion for an order setting aside the court's 2008 child support order and issuing a new retroactive support order, on the ground Adrian had committed perjury by understating his income in connection with that 2008 order. She contended the earlier perjury had just come to light as a result of information contained in the documents produced by Adrian pursuant to the court's December 2011 order. She also sought an additional award of attorney fees.

Although Adrian denied engaging in perjury, the court ultimately found that he had. In an order dated May 9, 2012, the court expressly determined that "[Adrian] committed perjury at the hearing on June 11, 2008 by intentionally misstating his income to the Court; specifically, [Adrian] represented his income to be $9550.00 per month

3

which was contradicted by his 2008 Income Tax Return in which [he] stated his income to be . . . $20,976 per month." The court consequently granted Angelita's motion to set aside the 2008 support order and entered a new and different retroactive support order. The court also appointed an accountant, at Adrian's expense, to "conduct an analysis of [Adrian's] controllable cash flow," and ordered that Angelita's original OSC, seeking a modification of support, be continued with full retroactivity to its original filing date of July 2011. Finally, as part of the same order, the court ordered Adrian to pay $25,000 toward Angelita's attorney fees based on the disparity in the parties' incomes, while explicitly "reserv[ing] jurisdiction *to award additional Attorney's fees and costs as sanctions pursuant to Family Code Section 271.*" (Italics added.)

On September 26, 2012, Angelita filed an ex parte application for an order continuing the hearing on her earlier OSC and shortening time for a hearing on an OSC seeking an award of $35,000 in sanctions against Adrian pursuant to Code of Civil Procedure section 2031.320, subdivision (c). In support of that motion, Angelita filed a declaration signed by her counsel, detailing her efforts to bring her OSC to a hearing and explaining how those efforts, as well as the efforts of the court-ordered accountant, had been stymied by Adrian's persistent stonewalling tactics. As a consequence of those tactics, Angelita asked the court to award sanctions against Adrian "pursuant to Family Code Section 271, and fees and costs pursuant to Family Code Section 2030, et. seq." The court granted the continuance and the order shortening time.

Angelita's OSC and her request for sanctions were heard on December 6, 2012. The court's minute order is the only record of what occurred at that hearing; we have not been provided with a reporter's transcript. And according to the court's minute order, it heard argument from both counsel and took evidence from both sides during the hearing. Both Adrian and Angelita were sworn and testified. The minute order then reflects that following the evidentiary portion of the hearing, the court continued

4

Angelita's OSC to a future date, and required Adrian to furnish "proof on the next hearing date that requested documents were provided to [the court-ordered accountant.]" The court also imposed $25,000 in monetary sanctions against Adrian – the minute order reflects this was done pursuant to "Evidence Code [section] 271" – and found that Adrian had the ability to pay attorney fees to Angelita and deemed her request for an award of such fees to be reasonable and necessary. Consequently the court ordered Adrian to pay $35,424.37 in attorney fees directly to Angelita's counsel.

DISCUSSION

Our review of an order imposing sanctions in a marital dissolution case and awarding attorney fees to a party on the basis of relative ability to pay (Fam. Code, § 2030) is limited to determining whether the trial court abused its discretion. (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291; *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1313.) However, as in all appeals, ""'[the] judgment or order of the lower court is presumed correct."' [Citation.] An appellant must affirmatively demonstrate error occurred and, *when the appellate record is silent on a matter, the reviewing court must indulge all intendments and presumptions that support the order or judgment.*" (*Estate of Bonzi* (2013) 216 Cal.App.4th 1085, 1101, italics added.) Where, as here, we have no reporter's transcript reflecting what occurred during the hearing, we must presume that whatever occurred during the hearing was sufficient to support the court's order.

1. *The Sanctions*

Adrian's primary challenge is to the court's sanction award. He first points out, almost in passing, that the court's minute order characterizes the sanction order as

5

having been based on "Evidence Code [section] 271." He then contends, without citation to any authority, that because a "thorough search of the California Codes reveals no such code section . . . the [order] is void ab initio." However, preparation of a minute order is a clerical function, rather than a judicial one, and sometimes minute orders contain errors which do not accurately reflect the judge's oral ruling. As explained in *People v. Gonzalez* (2012) 210 Cal.App.4th 724, 744, "[c]onflicts between oral pronouncement of judgment and the minute order are presumed clerical, and generally are resolved in favor of the oral pronouncement."

Further, as Angelita points out, the minute order's reference to *Evidence Code* section 271 as the basis for imposing sanctions against Adrian appears to reflect such a clerical error. (*George v. Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 480-481 ["[t]he term 'clerical error' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function"].) Indeed, the fact that no Evidence Code section 271 even *exists* tends to negate any potential inference that the court itself would have based its oral pronouncement of the sanctions on that phantom authority, when it could easily have cited *Family Code* section 271 instead. It would be almost impossible to infer the court expressly relied on the Evidence Code without either of the two attorneys noticing, and actually impossible to infer that the court insisted on doing so despite one or both attorneys pointing out the error.

And of course, because we must presume the order is correct, and Adrian is obligated to affirmatively demonstrate that the court erred (*Estate of Bonzi, supra*, 216 Cal.App.4th at p. 1101), we must assume the court actually relied on *Family Code* section 271 – the statute which specifically governs the award of attorney fees as sanctions in marital dissolution cases – in its oral ruling. We consequently join in Adrian's acknowledged assumption that the trial court intended to impose the sanctions against him on the basis of Family Code section 271, and reject his assertion the award is void

because the clerk's minute order contains an obviously erroneous reference to the Evidence Code.

Adrian's more substantive attack on the sanction award is that it was imposed without sufficient notice that sanctions might be imposed *pursuant to Family Code section 271* specifically, and must consequently be reversed on due process grounds. He acknowledges that Angelita did file a noticed motion asking for monetary sanctions to be imposed against him, but he complains her noticed motion cited only Code of Civil Procedure section 2031.320, subdivision (c), as the basis for the sanction request, and not Family Code section 271. But that is not true. Although the form "Request for Order" document filed by Angelita references only that code section, the supporting document filed along with it, setting forth the factual support for the sanction request, expressly relies on Family Code section 271 as the justification for that award.

Moreover, *In re Marriage of Duris and Urbany* (2011) 193 Cal.App.4th 510, which Adrian relies upon to support his argument that a defect in notice constitutes grounds for reversal, is inapposite. In that case, the court did not reverse the sanction award on the basis the moving party's notice had failed to clearly specify *the statutory basis* for the requested sanction; instead, the problem there was significantly more fundamental – the appellant had not even been notified *that sanctions were at issue* before the hearing. As the court put it, "[appellant] had no warning that this issue would be decided." (*Id.* at p. 513.) That is not what occurred here.

Where, as here, a party is merely claiming that the notice of motion actually given with respect to a particular issue he knows will be decided was insufficient or defective, that claim is subject to waiver. If the party shows up for the noticed hearing and argues the merits of the issue, rather than registering any objection to the defective notice, the defect is waived. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.) As explained in *De Luca v. Board of Supervisors* (1955) 134 Cal.App.2d 606, 609, the

7

"general rule is that one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged insufficiency of the notice; it has in such instance served its purpose. This rule applies to one who appears in a lawsuit after defective service of process upon him [citation], [and] to one who responds to a notice of motion without adequate notice."

That is what occurred here. Even assuming Angelita's notice was substantially defective because it failed to adequately identify Family Code section 271 as the basis for the requested sanctions (an issue we need not decide), our record establishes Adrian had been given notice that monetary sanctions were being sought against him at the noticed hearing, and he had been apprised of both the factual and statutory bases for that requested award in Angelita's moving papers. He appeared at the hearing and offered evidence. If he registered any objection to the sufficiency of the notice, or claimed surprise that Family Code section 271 was being considered as a basis for imposing the sanctions he knew had been requested, it is not reflected in our record. Here again, the lack of a reporter's transcript requires us to *presume* Adrian did neither. (*Estate of Bonzi, supra*, 216 Cal.App.4th at p. 1101.) For all we know, Adrian expressly conceded Family Code section 271 was the appropriate basis for sanctions, while arguing only that the facts presented by Angelita did not warrant such an award under that statute. On this record, we conclude Adrian waived any claim of defect in the notice of motion for sanctions.

### 2. *The Attorney Fees Award*

Adrian also challenges the portion of the order requiring him to pay approximately $35,000 in attorney fees to Angelita's attorney, pursuant to Family Code section 2030. The statute provides for what is essentially fee-shifting between the parties in a marital dissolution action, based on relative need. It requires the court to "ensure that

8

each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (Fam. Code, § 2030, subd. (a)(1).)

Adrian's primary contention is that the attorney fees award in this case must be reversed because the court did not have adequate evidence of his financial status to support it. However, as we have already pointed out, our record demonstrates the trial court conducted an *evidentiary hearing* before issuing this award, and as Adrian forthrightly admits "there is no reporter's transcript that might assist this reviewing court in determining what actually happened" at that hearing.

With no reporter's transcript of the evidentiary hearing included in our record, we treat the appeal as one from the judgment roll, and ""must *conclusively presume* that the evidence is ample to sustain the [trial court's] findings."' [Citation.] Our review is limited to determining whether any error 'appears on the face of the record.'" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325, italics added.) We therefore reject Adrian's attack on the sufficiency of the evidence.

Adrian's secondary attack on the attorney fees award is a conclusory assertion to the effect that "the order does not comply with" various California Rules of Court. However, Adrian makes no effort to explain how it is the order fails to comply with any of the cited rules, and provides us with no analysis of the point. We consequently treat the issue as waived. "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.)

9

DISPOSITION

The order is affirmed.  Angelita is to recover her costs on appeal.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.