Filed 11/16/15  Marriage of Samra CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| In re Marriage of SHARANJIT and HARBHAJAN SAMRA. |  |
| SHARANJIT SAMRA, Respondent, v. HARBHAJAN SAMRA, Appellant. | G050505 (Super. Ct. No. 12D005321) O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Nathan R. Scott, Judge.  Affirmed in part and dismissed in part.

Harbhajan Samra, in pro. per., for Appellant.

No appearance for Respondent.

\*          \*          \*

This appeal arises out of a marital dissolution proceeding initiated by Sharanjit Samra (Wife) against Harbhajan Samra (Husband) in 2012. Wife is the petitioner below and the respondent in this court. Husband is the respondent below and the appellant here. Husband purportedly appeals from orders dated November 12, 2013, and June 30, 2014. The November 12 orders are nonappealable and, in any event, the notice of appeal is untimely as to these orders. The June 30 order is not contained in the record provided to us. Therefore, we dismiss this appeal as to the November 12 orders and affirm the June 30 order.

**FACTS AND PROCEDURAL HISTORY**

On February 19, 2013, the parties stipulated and the court ordered Husband to make certain spousal and child support payments. On July 15, Wife filed an order to show cause and affidavit for contempt alleging Husband had failed to make most of those payments. On November 8, the court found Husband in contempt and set the contempt sentencing for November 12.

On November 12, the parties stipulated and the court ordered that a community property residence (Residence) be immediately listed for sale, and that Husband's share of sale proceeds be used to satisfy his delinquent spousal and child support obligations, and to pay Wife's attorney fees. That same day the court sentenced Husband to 480 hours of community service, but suspended execution of that sentence for so long as Husband obeyed all court orders, including the stipulated order regarding the sale of the Residence.

On May 13, 2014 Wife filed an ex parte application for an order shortening time on a request for an order giving her control of the sale, together with exclusive use and possession of the Residence. Wife alleged Husband had failed to comply with the stipulated order regarding the sale of the Residence, and instead was doing everything he could to delay that sale. The court granted the order shortening time and set the matter for hearing on June 30.

2

On June 30, the court apparently granted Wife's requests regarding control of the sale, use and possession of the Residence. The minute order on that date states, "Court grants petitioner's requests and the petitioner's proposed order is signed and filed this date." However, the record provided to us does not contain a copy of the order which the court actually signed and filed.

Later that day Husband filed a notice of appeal "from the following judgment or order in this case, which was entered on (date): 6-30-14, 11-12-13, contempt order." Husband also checked the box on the notice of appeal which states, "Other (describe and specify code section that authorizes this appeal)," but he provided no such description or specification.

## DISCUSSION

As preliminary matters, we note Husband's opening brief is seriously deficient in two respects. First, most of the factual assertions in the brief are not supported by citations to the record as required by California Rules of Court, rule 8.204(a)(1)(C). Instead, page upon page of purported facts are set forth without any record references at all. It is not our task to search the record for evidence that supports the party's factual statements, and we may disregard such statements not supported by proper citation. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1310, fn. 3; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.)

Second, none of the ostensible legal arguments in the brief are supported by any citations to authority as required by California Rules of Court, rule 8.204(a)(1)(B). In fact, the only authority cited in the brief is Code of Civil Procedure section 904.1, which Husband claims authorizes this appeal and will be discussed below. Upon a party's failure to cite proper legal authority to support his or her legal contentions, this court need not consider or may disregard them. (*In re Marriage of Duris & Urbany* (2011) 193 Cal.App.4th 510, 515; *Regents of University of California v. Sheily*, *supra*, 122 Cal.App.4th at p. 826, fn. 1.)

3

*1. The November 12, 2013 Orders*

Husband essentially contends he signed the stipulation which led to the November 12 orders under duress. But, "The law is settled that an appeal does not lie from a judgment or order made in a contempt proceeding." (*Travis v. Travis* (1948) 89 Cal.App.2d 291; see Code Civ. Proc, §§ 904.1, subd. (a)(1)(B), 1222.) The November 12 orders were made in a contempt proceeding. Thus, they are not appealable.

Furthermore, Husband did not file the notice of appeal until June 30, 2014, which is more than 180 days after the November 12 orders were entered. Hence, the notice of appeal was untimely vis-à-vis the November 12 orders. (Cal. Rules of Court, rule 8.104(a).) For these reasons this appeal is dismissed as to the November 12 orders.

*2. The June 30, 2014 Order*

Husband argues the June 30 order regarding control of the sale, use and possession of the Residence should be reversed on various grounds. And, while he generally describes that order, he does not provide any record citations to support that description. We have independently reviewed the record and have been unable to locate a copy of the challenged June 30 order, or anything else in the record which tells us what that order actually said.

Under these circumstances, Husband's contentions regarding the June 30 order have been forfeited, and it is appropriate for us to disregard them. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 978; *In re Marriage of Tharp*, *supra*, 188 Cal.App.4th at p. 1310, fn. 3.) As a result, we resort to the general principle that an order is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Therefore, the June 30 order is affirmed.

## DISPOSITION

The appeal from the November 12, 2013 orders is dismissed, and the June 30, 2014 order is affirmed.  Wife is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.