Filed 11/23/20  Marriage of Cunningham CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of JENNIFER and JOHN PAUL CUNNINGHAM. | 2d Civil No. B301683 (Super. Ct. No. D372438) (Ventura County) |
| JENNIFER CUNNINGHAM, Appellant, v. JOHN PAUL CUNNINGHAM, Respondent. | |

Jennifer Cunningham appeals from the judgment and various postjudgment orders entered in her dissolution action against John Paul Cunningham.[1]  Jennifer contends the trial court erred when it:  (1) denied her challenges to its statement of decision, (2) imputed income to her, (3) awarded

---

[1] We use the parties' first names for clarity.

sanctions against her, (4) denied her request for attorney fees, and (5) did not order the full amount of sanctions against John that she requested. We affirm.

FACTUAL AND PROCEDURAL HISTORY

Jennifer and John were married in 1997, and separated in 2015. In the weeks leading up to the trial of their dissolution action, Jennifer requested John's financial disclosures several times. John filed his trial brief, witness list, and final declaration of disclosure two days before trial.

On the second day of trial, Jennifer and John signed a settlement agreement regarding custody of their four children. The next morning they signed an agreement regarding financial matters. John's vocational expert, Phillip Sidlow, testified that afternoon. Sidlow said that, despite her various disabilities, Jennifer could be earning $60,000 within six months if she made a "concentrated effort at finding employment." He also testified about employment opportunities available to persons, like Jennifer, who received Social Security disability payments.

Jennifer testified about her child support needs on the last day of trial. During her testimony, the trial court asked if she was employed. Jennifer said that she was not because she was disabled. The court asked if she had sought employment at any point during the proceedings. Jennifer replied that she had not.

In its tentative ruling, the trial court relied on Sidlow's testimony to impute $60,000 in annual income to Jennifer. It also ordered John to pay $838 in child support and $2,000 in spousal support each month. The court awarded Jennifer $8,000 in attorney fees, and ordered her to pay an $8,000 sanction because she "raised many issues for which she

2

ultimately had no legal basis or evidentiary support, and refused to settle issues except . . . when it became evident that she could not sustain her burden going forward on a particular allegation, contention, or position."

Jennifer objected to the trial court's decisions to impute income to her and order sanctions. She argued that the Social Security Administration had determined that she was disabled. She also argued that she had not filed any frivolous pleadings. The court overruled the objections, and adopted the tentative ruling as its statement of decision.

Jennifer challenged the statement of decision based on John's alleged fraud, perjury, and failure to comply with disclosure requirements. As to the first two of these bases, Jennifer claimed that John did not remit the required percentage of a $15,000 bonus he had received, which gave him an unfair advantage at trial. As to the third, she claimed that John filed documents on the eve of trial, which prevented her from challenging his expert's testimony. She also complained that John never filed a final income and expense disclosure and did not comply with service requirements. She requested that the trial court impose a $165,000 sanction against him.

The trial court denied most of Jennifer's challenges. Though John failed to file an income and expense declaration immediately prior to trial, he filed two similar declarations earlier in the proceedings. He also served Jennifer with a final declaration of disclosure two days before trial. But because John concealed a bonus he received, he was required to pay a portion of it to Jennifer as spousal support. He also had to pay a $5,000 sanction for his concealment.

The trial court adopted its statement of decision as the final judgment. Jennifer moved for needs-based attorney fees the following month, citing the $20,000 disparity between her monthly income and John's. The court said that it was "happy to seriously consider" Jennifer's motion, but she needed to show that she had an attorney willing to accept her case before it would order John to pay attorney fees. The court denied Jennifer's motion without prejudice.

Jennifer thereafter renewed her request for sanctions against John, claiming that the trial court's imposition of a $5,000 sanction for the concealment of his bonus did not moot her request. The court declined her request to impose additional sanctions.

DISCUSSION

*Challenges to the trial court's statement of decision*

Jennifer contends the trial court erroneously denied her challenges to the statement of decision because: (1) John's failure to timely file documents prevented her from fully participating in trial, and (2) John's concealment of his $15,000 bonus constituted fraud and perjury. We disagree.

The trial court in a dissolution action may set aside all or part of the judgment in limited circumstances, such as upon proof of fraud, perjury, or failure to comply with disclosure requirements. (Fam. Code,[2] § 2122, subds. (a), (b), & (f).) The court has broad discretion in deciding whether to set aside a judgment pursuant to section 2122. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.) Reversal is unwarranted if an appellant "presents a state of facts [that] merely affords an

_____

[2] Further statutory references are to the Family Code.

4

opportunity for a difference of opinion.'" (*Ibid.*, alterations omitted.)

The trial court did not abuse its discretion here. Jennifer claims that John's late service of his trial brief, witness list, and final declaration of disclosure prevented her from fully participating in the first three days of trial. But John served her with these documents two days *before* trial. Jennifer does not explain why she did not review the documents upon receipt, despite having them in her possession. The prejudice she claims stems from her own actions, not John's.

Jennifer also fails to show that John prejudiced her by concealing his $15,000 bonus. She claims that she could have used her portion of the bonus to prepare for trial. But she does not explain how she would have done so, nor does she provide any evidence to support this claim. The trial court thus acted well within its discretion when it denied Jennifer's challenges to the statement of decision.

*Imputed income*

Jennifer next contends the judgment should be reversed because the trial court erred when it imputed income to her for purposes of calculating child support payments. She is wrong.

The parties to a dissolution action may be ordered to pay child support. (See § 3900 et seq.) "A crucial component for determining the amount of child support is, of course, each [party's] income." (*In re Marriage of Destein* (2001) 91 Cal.App.4th 1385, 1391 (*Destein*).) "Income" is broadly defined, and may include a party's actual income as well as their earning capacity. (*Ibid.*; see § 4058, subds. (a) & (b).)

5

We review the trial court's decision to impute income to Jennifer for abuse of discretion. (*Destein*, *supra*, 91 Cal.App.4th at p. 1393.) When applying this standard, we review the court's factual findings for substantial evidence and its conclusions of law de novo. (*In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 774 (*Lim & Carrasco*).) We will not substitute our judgment for that of the court below if a reasonable judge could have reached the same decision. (*Destein*, at p. 1393.)

There was no abuse of discretion here. When imputing income to Jennifer, the trial court relied on Sidlow's testimony about her earning potential and the employment opportunities available to persons with disabilities similar to hers. Jennifer does not substantively challenge that testimony. Instead, she argues that the trial court "ignored" all of the evidence she provided regarding her disabilities and earning potential. But such a factual dispute is best resolved at trial, not on appeal. (*Destein*, *supra*, 91 Cal.App.4th at p. 1393.) Because substantial evidence supports the trial court's decision, we must uphold it. (*Lim & Carrasco*, *supra*, 214 Cal.App.4th at p. 774.)

*Sanctions against Jennifer*

Next, Jennifer contends the judgment should be reversed because the trial court erroneously ordered her to pay a $8,000 attorney fee sanction to John. We are not persuaded.

If a party to a dissolution action frustrates settlement or otherwise increases the cost of litigation, the trial court may order that party to pay the other party's attorney fees. (§ 271, subd. (a).) But the court must first provide notice of the proposed sanctions and an opportunity to be heard. (*Id.*, subd. (b); see also *In re Marriage of Duris & Urbany* (2011) 193 Cal.App.4th 510,

6

513.) We review the imposition of an attorney fee sanction for abuse of discretion. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 828 (*Falcone & Fyke*).)

Jennifer challenges the $8,000 attorney fee sanction based on the trial court's alleged failure to provide her with notice of the proposed sanction and the opportunity to be heard. But the court first raised the issue in its October 2018 tentative ruling. Jennifer objected to that ruling the following month, specifically challenging the proposed sanctions against her. That the court overruled Jennifer's objection when it adopted the tentative ruling as its statement of decision nine months later does not show that it failed to provide her with notice and an opportunity to be heard. There was no abuse of discretion.

*Motion for attorney fees*

Jennifer next argues the trial court erred when it refused her request for needs-based attorney fees. There was no error.

Pursuant to sections 2030 and 2032, a trial court "'may award attorney fees and costs "between the parties based on their relative circumstances in order to ensure parity of legal representation in the action." [Citation.]'" (*In re Marriage of McLain* (2017) 7 Cal.App.5th 262, 272.) But before it grants an attorney fee request, the court "must have some evidence that the moving party needs the money." (*Falcone & Fyke, supra,* 164 Cal.App.4th at p. 824.) "'The burden of establishing such necessity is upon the [moving party].' [Citation.]" (*Ibid.*) We review a decision to deny an attorney fee motion for abuse of discretion. (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.)

7

Jennifer has forfeited her contention because she did not renew her motion for attorney fees after the trial court denied it without prejudice. (*People v. Mills* (2010) 48 Cal.4th 158, 170.) Even if she had not forfeited the issue, we would find no error because she did not show that she sought the assistance of an attorney. Without that showing, Jennifer did not carry her burden of establishing that she needed money to pay counsel. There was thus no abuse of discretion.

*Request for sanctions against John*

Finally, Jennifer contends the trial court erred when it denied her request for $165,000 in sanctions against John. We again disagree.

The basis for Jennifer's contention appears to be that the trial court should have decided her sanctions request separately from her challenge to its statement of decision. But she provides no evidentiary or legal support for why the court was required to do so. She has thus failed to show an abuse of discretion. (*Falcone & Fyke, supra,* 164 Cal.App.4th at p. 828.)

DISPOSITION

The judgment is affirmed. The trial court's denial of Jennifer's postjudgment motion for needs-based attorney fees, entered September 24, 2019, is affirmed. The denial of her request for additional sanctions against John, entered October 1, 2019, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.        YEGAN, J.

8

John R. Smiley, Judge

Superior Court County of Ventura

_____

Jennifer Cunningham, in pro. per., for Appellant.

No appearance for Respondent.